539 A.2d 1345

**J.H. FRANCE REFRACTORIES CO. and the
Van Brunt Company**

v.

**ALLSTATE INSURANCE COMPANY, PMA Insurance Company, St. Paul Insurance Company, U.S. Fire Insurance Company, Wausau Insurance Company, and Rockwood Insurance Company.**

Superior Court of Pennsylvania.

Argued Sept. 16, 1987.

Filed April 6, 1988.

Mark D. Turetsky, Norristown, for J.H. France Refractories, Co.

John C. Sullivan, Philadelphia, for Allstate Ins. Co.

Wayne A. Schaible, Philadelphia, for PMA Ins. Co.

Ralph L. Hose, Ardmore, for St. Paul Ins. Co.

John A. Luchsinger, for U.S. Fire Ins. Co.

William F. Sullivan, Jr., Philadelphia, for Wausau Ins. Co.

Mitchell S. Pinsly, Philadelphia, for Rockwood Ins. Co.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, DEL SOLE, MONTEMURO, TAMILIA, KELLY, POPOVICH and JOHNSON, JJ.

JOHNSON, Judge:

J.H. France Refractories Company (France) manufactures a line of refractory products. Between 1956 and 1972 France used asbestos in one of its products called Franco-Therm. France also sold products containing silica beginning in 1924 and continuing to the time of this litigation. Van Brunt Company was a wholly owned subsidiary of France which achieved its current status as a division of J.H. France Refractories Company through a merger. Van Brunt is a sales organization with warehouse facilities. Van Brunt at one time sold products containing asbestos and presently sells products containing silica.

In 1981 France filed a declaratory judgment action against Allstate Insurance Company, Pennsylvania Manufacturer's Association Insurance Company, St. Paul Insurance Company and U.S. Fire Insurance Company. France sought a declaration of the contractual obligation of the

defendant insurance companies to afford coverage and provide a defense to France in an asbestos related lawsuit initiated by Charles and Gladys Temple. The Temple lawsuit sought recovery for asbestos-related injuries caused by exposure to asbestos products sold by France and others.

In 1984 Allstate commenced a second declaratory judgment action in which it named as defendants France, Pennsylvania Manufacturers' Association Insurance Company, St. Paul Fire Insurance Company, U.S. Fire Insurance Company, and Wausau Insurance Company. Allstate later added Rockwood Insurance Company as a defendant. Also joined were 14 individual defendants who, like the Temples, were claimants in asbestos and/or silica-related lawsuits brought against France. This action, as did the first, sought to resolve insurance coverage disputes between the parties. Specifically, it sought to determine the extent of the obligation of each insurance company and France for the defense/indemnity of the tort actions.

The two actions were consolidated. France motioned and a number of parties cross-motioned for summary judgment, based on essentially identical policy language in each company's insurance policy. France sought a determination of when coverage was triggered and the scope of the triggered coverage, as well as attorney's fees and expenses based on allegations of bad faith.

The Court of Common Pleas denied the request for counsel fees, finding that no party acted in bad faith. In all other respects the court granted the motion for summary judgment and found the following:

In the context of asbestos or silica-related diseases, "bodily injury" shall mean any part of the process from initial exposure to manifestation, inclusive. Any insurer whose policy was in effect during the period of bodily injury is liable in full for indemnification and defense of any claims arising out of bodily injury during the time its policy was in effect. From among the insurers whose policies were in effect during the entire period of bodily injury, the duty to indemnify and the duty to defend first falls upon

the insurer whose policy was first in effect. If that insurer's highest applicable policy limit is exhausted, the insurer whose policy was next in effect must indemnify and defend until its highest applicable policy limit is exhausted. Defense costs and indemnity payments shall be allocated among the insurers whose policies activated (including the insured for any relevant period of uninsurance) in accord with the policies' "other insurance" clauses or the equitable doctrine of contribution.

Order of April 18, 1986. Multiple appeals were taken from the order.

The parties ask this Court to review the substantive resolution of issues which was reached by the lower court. This we cannot do because of our determination that the Common Pleas Court lacked jurisdiction to issue a declaratory judgment on this record. We believe this result follows from an application of the Pennsylvania Supreme Court decision in *Vale Chemical Company v. Hartford Accident and Indemnity Company*, 512 Pa. 290, 516 A.2d 684 (1986), to the facts of this case.

The facts in *Vale* involve a declaratory judgment action brought by Vale Chemical Company against its insurance carriers, Hartford Accident and Indemnity Company (Hartford), Manufacturers' Casualty Insurance Company (Manufacturer's) and Transamerica Insurance Company (Transamerica). Vale sought a determination of whether its insurance contracts with the companies required them to defend Vale and indemnify it against a separate action commenced by Sandra Smith in Illinois. In this separate action Smith had sued Vale and other manufacturers of the drug diethylstilbestrol (DES) to recover damages for vaginal cancer she claimed to suffer as the result of her mother's use of DES during pregnancy. Transamerica's predecessor-in-interest, Manufacturers', had insured Vale at the time Smith's mother ingested DES. Hartford provided coverage to Vale at the time Smith was diagnosed with cancer.

The Common Pleas Court required the companies to provide a defense. The Superior Court affirmed that rul-

ing, and in so doing adopted a "multi-trigger" theory of liability. Under that theory the insurance policy language "bodily injury", "sickness" or "disease" was interpreted to include coverage from the time of exposure to the drug to the time of manifestation. Accordingly, both the company which insured Vale at the time Smith's mother took the drug, and the company which insured Vale when Smith's cancer manifested itself were required to defend and if necessary indemnify Vale.

The insurance companies in *Vale* appealed by allowance to the Pennsylvania Supreme Court. That court held that the Common Pleas Court lacked jurisdiction to issue a declaratory judgment on the record in *Vale*. The court therefore vacated the Superior Court's order and remanded the case to the Common Pleas Court with directions to dismiss Vale's suit for lack of subject matter jurisdiction. The court based the dismissal on the failure to join the proper parties.

The court commenced its analysis with reference to the Declaratory Judgments Act, 42 Pa.C.S. § 7531 *et seq.*, which provides that:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

42 Pa.C.S. § 7540(a). The court in *Vale* found that Smith, the Illinois tort plaintiff, had an interest in the Pennsylvania declaratory judgment action commenced by Vale, because the action sought a declaration about coverage for the tort action which Smith had commenced. Smith was thus found to be an indispensable party. She was not joined because personal jurisdiction over her could not be had. However, since Smith had an interest which would have been affected by the declaration, and she was not joined, the Supreme Court ruled that the Court of Common Pleas lacked jurisdiction, under the Declaratory Judgment Act, to entertain the action.

In this case, much as in *Vale,* the parties allege that they have joined those tort plaintiffs in the underlying asbestos/silica lawsuits who were named as defendants in the two declaratory judgment actions. However, in the trial court, they also stipulated to the fact that:

> Since the filing of this declaratory judgment action, additional asbestos and/or silica-related lawsuits have been filed in which the plaintiffs seek damages for injuries allegedly sustained as a result of their exposure to asbestos and/or silica-containing products and in which it is alleged that J.H. France manufactured, fabricated, supplied and/or sold asbestos and/or silica-containing products to which the plaintiffs were exposed.

Pre-trial Stipulation of Facts, para. 4.

No showing has been made, nor probably could have been made, that any of these tort plaintiffs have been joined to this consolidated declaratory judgment action.

A similar circumstance existed in *Vale.* Vale represented in its supplemental brief that the *Smith* case was only 1 of more than 140 suits that had been filed against Vale based on DES-related injuries. Vale represented that at least 40 of those cases were then pending and more would undoubtedly be filed. These suits, Vale argued, involved the same insurers, policy language and injuries. The Pennsylvania Supreme Court responded to this argument stating:

> If this is indeed the case, and the parties would like to determine all of Vale's insurance companies' responsibilities in this case, it would have to be dismissed because the record does not indicate that all insurance companies representing Vale have been joined. *Moreover, the affected plaintiffs have also been left out.* The brief states that many of these cases are similar to this one; this implies, to us, that there are other carriers involved. Their rights and those of the plaintiffs in these cases would certainly be prejudiced by the result in this action. *Thus we again lack indispensable parties even if we held that joining this particular tort plaintiff [Smith] was unnecessary.*

*Vale,* 512 Pa. at 295–96, 516 A.2d at 687. (emphasis supplied). Thus the court was concerned not only with the failure to join Smith, but with the failure to join the other tort plaintiffs and other insurance companies.

In an explanation of its rationale the court stated: Essential to the adversary system of justice, and one of the basic requirements of due process is the requirement that all interested parties have an opportunity to be heard. Thus, all parties whose interest will necessarily be affected must be present on the record. Smith, the particular tort plaintiff involved in this case, is not present. *Nor are any of the other plaintiffs seeking damages, for injuries suffered as a result of the use of DES, represented as parties on this record.* Appellants' argument amounts to a request to convert this case into a kind of class action in which they would represent a plaintiff class of all insurance carriers similarly situated, appellee would represent the interest of all manufacturers, and all tort plaintiffs would become parties represented by amicus. For obvious reasons, we reject such an attempt first presented at the appellate level. *See* Pa.R.C.P. 1701–1716.

*Vale,* 512 Pa. at 296, 516 A.2d at 688. (emphasis supplied). In the case at bar, the parties likewise seek a decision which will affect the rights of people who, admittedly, are not now before the court. These people are the tort plaintiffs who have not been named as defendants and whose claims have not been joined. Their rights would without a doubt be affected by any declaration, and yet they have had no opportunity to be heard. Under our reading of *Vale* and application of that precedent to these facts, these tort plaintiffs are indispensable parties, whose absence from this case deprived the Court of Common Pleas of jurisdiction to issue a declaratory judgment on this record. *See Vale,* 512 Pa. at 293, 516 A.2d at 686.

We must respectfully disagree both with Judge Brosky's perception of what we here decide and with his perspective as to the real issue before this Court. We do *not* assert

that the trial court was without jurisdiction to *hear* the declaratory judgment action. As our supreme court has stated in *Commonwealth, Dept. of Public Welfare v. Court of Common Pleas of Philadelphia County,* 506 Pa. 410, 485 A.2d 755 (1984):

> The test of whether a court has jurisdiction over a particular controversy depends upon "the competency of the court to determine controversies of *the general class* to which the case presented for its consideration belonged,—whether the court had power to *enter upon the inquiry,* not whether it might ultimately decide that it was unable to grant the relief sought *in the particular case.*" (emphasis in original) *Studio Theaters, Inc. v. Washington,* 418 Pa. 73, 77, 209 A.2d 802, 804–805 (1965). *See Yezerski v. Fong,* 58 Pa.Cmwlth. 566, 569, 428 A.2d 736, 737 (1981).

*Commonwealth, Dept. of Public Welfare,* 506 Pa. at 417, 485 A.2d at 758. In the case now before us, we agree with the dissenters that the trial court was empowered to hear the matters now on appeal.

This is the beginning, rather than the end, of the inquiry, however. A court can be competent to enter upon an inquiry and yet ultimately decide that, in view of the facts pleaded or proved, it is unable to grant the relief sought. That was the circumstance facing our supreme court in *Vale* and the situation we here review.

> The Declaratory Judgments Act mandates that:
> *all persons* shall be *made parties who have or claim any interest which would be affected by the declaration,* and no declaration shall prejudice the rights of persons not parties to the proceeding.

42 Pa.C.S. § 7540(a) (emphasis added). It is clear from this section of the Act that the joinder of all persons who have an interest which would be affected by the declaratory judgment must be accomplished before a declaration can issue.

In this case, the parties had stipulated, before submitting their cross-motions for summary judgment, that additional

lawsuits had been filed in which plaintiffs sought damages against France. Given the "multi-trigger" theory of liability contained in the order here under review, and given the immunity afforded to insurance companies once their highest applicable policy limit is exhausted, it could hardly be successfully maintained that the unnamed plaintiffs referred to in the stipulation of facts would not be affected by the proposed declaration.

Our position is further buttressed, we believe, by the fact that Allstate, the plaintiff at 1146 January Term 1984 in the trial court (one of the two consolidated cases on appeal) expressly requested a pro rata sharing of expenses and indemnification not only in the cases then known to be filed against France, but also "in all future cases filed against J.H. France." Complaint of Allstate Insurance Company, Prayers for relief following paragraphs 45, 49, 56, and 60.[1]

Since we read § 7540(a) of the Declaratory Judgments Act to be speaking to the power of the trial court to *issue* the declaratory judgment as opposed to the court's jurisdiction *to receive and hear the suit,* we feel constrained to follow *Vale* and vacate the judgment.

In *Vale,* our supreme court stated:

We ... now hold that Common Pleas lacked jurisdiction to issue a declaratory judgment on this record.

*Vale,* 512 Pa. at 293, 516 A.2d at 686. The court went on to declare that:

No adequate reason has been advanced for us to ignore the statutory requirement that all interested parties shall be joined before a declaratory judgment can issue. While we recognize the importance of the question involved in this matter, importance alone does not confer jurisdiction where it does not otherwise exist. Essential to the adversary system of justice, and one of the basic requirements of due process, is the requirement that all interested parties have an opportunity to be heard. Thus, all parties

1. In Allstate's Amended Complaint filed August 3, 1984 paragraphs renumbered to 48, 52, 59 and 63.

whose interest will necessarily be affected must be present on the record.

*Id.*, 512 Pa. at 296, 516 A.2d at 687–88 (footnote omitted).

We do not disagree with Judge Brosky who, in dissent, contends that the abstract right of a court to exercise its powers in causes in a certain class (subject matter jurisdiction) attaches at the time of the filing of the action. We do not believe this is inconsistent with the legislative mandate found in 42 Pa.C.S. § 7540(a), requiring the joinder of indispensable parties prior to the issuance of any declaratory judgment affecting their rights.

Because the requirements of the Declaratory Judgments Act with respect to the joinder of indispensable parties have not been satisfied, the judgment must be vacated and the case remanded to the Court of Common Pleas with directions to dismiss the suit. *Vale*, 512 Pa. at 293, 516 A.2d at 686.

Judgment vacated. Case remanded for dismissal of the suit. Jurisdiction relinquished.

BROSKY, J., files a dissenting opinion.

CIRILLO, President Judge, files a dissenting statement in which he joins BROSKY, J., dissenting opinion.

CIRILLO, President Judge, dissenting:

I join Judge Brosky's dissenting opinion. I write separately only to emphasize my disagreement with the majority's implication that a court's jurisdiction in a declaratory judgment action hinges on whether or not new plaintiffs will file new lawsuits during the pendency of the action.

In *Vale Chemical Co. v. Hartford Accident and Indemnity Co.*, 512 Pa. 290, 516 A.2d 684 (1986), the Pennsylvania Supreme Court dismissed the declaratory judgment action for lack of subject matter jurisdiction. Sandra Smith, the tort plaintiff involved in the original case, was not joined in the subsequent declaratory judgment action. The court stated: "While we recognize the importance of the ques-

tions involved in this matter, importance alone does not *confer* jurisdiction where it does not otherwise exist." *Id.,* 512 Pa. at 296, 516 A.2d at 687–88 (emphasis added). In the case before us, unlike the situation in *Vale,* the court had jurisdiction at the time the action was filed. It was only *since* the filing of the declaratory judgment action that additional lawsuits were filed. I agree with Judge Brosky that the filing of additional lawsuits cannot divest a court of jurisdiction where it otherwise exists. *See generally* 20 Am.Jur.2d, Courts § 147.

BROSKY, Judge, dissenting:

I respectfully dissent. The majority, relying upon our Supreme Court's opinion in *Vale Chemical Co. v. Hartford Accident and Indemnity Co.,* 512 Pa. 290, 516 A.2d 684 (1986), asserts that the trial court was without jurisdiction to hear the declaratory judgment action. With this view, I disagree.

As the majority notes, *Vale* involved a situation where an action was filed by an Illinois resident against Vale Chemical Company ("Vale") in Illinois, as a result of an alleged injury being sustained from the use of a drug Vale manufactured. Vale filed a declaratory judgment action in Pennsylvania against its insurers to determine issues of the insurers' duty to defend and indemnify Vale in the Illinois action. The Supreme Court, finding that the Illinois plaintiff had an interest in the outcome, held that jurisdiction was lacking for failure, and inability, to join an indispensable party. The majority reads *Vale* as requiring the same result here. The majority appears to be troubled by what I perceive to be dictum expressed by our Supreme Court in *Vale:* that had Vale wished to settle all of its insurer's obligations in the many similar cases which had been filed against Vale, it would likewise have faced dismissal since the record revealed that not all of the insurers or plaintiffs involved in those cases had been joined. This dictum, coupled with the stipulation that other suits had been filed against J.H. France since the filing of the present declarato-

ry judgment action, leads the majority to conclude that indispensable parties have not been joined and that, consequently, the trial court lacked jurisdiction. I cannot agree with the majority's reading of *Vale* nor with the result reached.

Early in the *Vale* opinion, the Supreme Court states its holding: "[b]ecause the Illinois plaintiff, an indispensable party, was not joined, we reverse for lack of subject matter jurisdiction." 512 Pa. at 292, 516 A.2d at 685. Lest the holding remain unclear, the Supreme Court noted at the end of its opinion:

> The dismissal of this case *is based solely* on the failure to join the proper parties. *It is clear* that if personal jurisdiction of the Illinois plaintiff could have been had, her joinder would have given the court jurisdiction, under our Declaratory Judgments Act, to entertain this action.

512 Pa. at 297, n. 5, 516 A.2d at 688, n. 5. (Emphasis added).

These two passages clearly indicate that, in our Supreme Court's opinion, jurisdiction was lacking in *Vale only* for the failure of Vale to join the Illinois plaintiff, Smith, she being indispensable to *that* action. That other actions had been filed against Vale was of no consequence to the case before the Supreme Court. In fact, the language which troubles the majority addresses an alternative argument advanced by Vale; one which is usually advanced in a mootness context, that an issue is capable of repetition while avoiding review. (Perhaps this alternative argument was prompted by Vale's dismissal from the underlying tort action brought by Smith. 516 A.2d at 687, n. 2).

Having concluded that Smith was indispensable to the action before it, and thus, that jurisdiction was lacking for failure to join her, the Court addressed Vale's secondary contention that the case should be decided regardless, because there were many other cases pending which involved similar issues of coverage and, thus, deciding the issue was of great importance. The court found this argument self defeating because not all of *those* parties, plaintiffs and

insurers alike, had been joined, and apparently, also because it did not believe the issue was likely to escape review as contended, see 512 Pa. at 295, n. 3, 516 A.2d at 687, n. 3.

It is a fundamental legal principle that rights and liabilities of individuals cannot be positively and *directly* decided in an action if they are not a party to that action. Hence, in the *Vale* case the trial court *could not* issue a declaration of rights as to ABC insurance company or Jane Doe plaintiff, for instance, as neither had been joined to the action; nor, upon appeal, having found Smith indispensable and thus jurisdiction lacking, could jurisdiction be saved by asserting that non-parties, such as Jane Doe and ABC insurance, as well as many others, also needed the issue decided. However, in contrast, it is beyond contention as well that a determination *in any action* may affect individuals in other actions who are similarly situated, then presently or in the future, either by way of collateral estoppel or by establishing legal precedent. But it cannot be said that all such individuals must be joined to the first filed action for the court to *retain* jurisdiction of that action. It is one matter for the court to decide rights and liabilities of *non-parties,* which the court cannot do; and another matter altogether to decide rights and liabilities of *parties* to an action which may then affect others similarly situated in a collateral manner. This the court can do (and does all the time) and really must do lest it be rendered impotent to perform its function. Consequently, going back to my earlier posed hypothetical situation, had Smith been joined in the *Vale* case, constituting joinder of all interested parties to that particular action, the later filing of an action by Jane Doe against Vale and involving additionally ABC insurance company would not have divested the court of jurisdiction as to the first action involving Smith.[1] At best,

1. This is really tantamount to the holding of the majority as they find a lack of jurisdiction due to events occurring after the filing of the original action for declaratory judgment. Of course, jurisdiction should attach at the time of the filing of the action and an assessment of the court's jurisdiction should be made based upon the record at the time of filing. See argument and authority *infra.*

it would have created a situation where permissive joinder might be appropriate.[2]

Furthermore, the troubling passage from *Vale* is qualified and indicates that *if* the parties had wished to determine *all* of Vale's insurers' responsibilities with regard to the many pending cases, the action would have had to be dismissed, because the record indicated that not all of *those* insurers had been joined, nor had *those* plaintiffs. The suggestion here is that Vale was requesting a direct determination of the rights of all of the individuals involved in the other cases, such as might be found in a class action suit;[3] or, in the least, a direct determination of rights of some of the non-parties. Of course, as indicated above, the rights of those parties could not have been determined in their absence from joinder to the case. Consequently, with respect to a direct determination of the rights of all, or some of, those potential parties, indispensable parties were also lacking. But with respect to the case before the Supreme Court, only the failure to join the Illinois plaintiff prevented jurisdiction from attaching, as she was indispensable to that action. Unlike Vale, J. H. France has not asked, in this case, for a determination of rights of non-parties to the action.

In the present action, it cannot be said that an indispensable party is missing. All parties indispensable to *this*

**2.** Pa.R.C.P. 2229 reads:
Permissive Joinder.
　(a) Persons may join as plaintiffs who assert any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the rights to relief of all such persons will arise in the action.

**3.** The court comments, with disapproval, on Vale's attempt, by way of its argument, to convert the case into a kind of class action suit, 512 Pa. at 296, 516 A.2d at 688. By way of further distinction, it should be noted that no tort plaintiff had been joined to the case in *Vale.* Consequently, the plaintiff's position in that controversy was left unrepresented. It appears that this is what truly troubles the Supreme Court in *Vale.* However, here many of the tort plaintiffs have been joined and, therefore, their position should be considered well represented.

action have been joined, including the plaintiffs. That other parties filed actions *after* the present one was filed should not affect jurisdiction of this case. Jurisdiction is something which a court possesses at the time of the filing of the action and an assessment of the court's jurisdiction is made on the record *at the time of the filing* of the action. The Supreme Court recognizes this in the *Vale* opinion itself where they state:

> The supplemental briefs ambiguously indicate that Vale has been dismissed from the Smith lawsuit. This is irrelevant to a determination of whether there was jurisdiction over this matter *when it was first filed.*[4]

512 Pa. at 295, n. 2, 516 A.2d at 687, n. 2. (emphasis added).

As touched upon above, every time that an action is filed, there is a possibility that, prior to trial, other actions will be filed involving some of the same parties and/or some of the same issues, especially in cases like *Vale* and the present one. However, this does not divest the court of jurisdiction as to the first filed action, even if the results of the first action may affect those involved in subsequently filed actions by virtue of legal precedent or the doctrine of collateral estoppel.

Furthermore, to the extent the Declaratory Judgment Act is read to require joinder of all persons or parties to be potentially affected by the determination by virtue of the doctrine of collateral estoppel, perhaps for policy reasons, it would not seem reasonable that the requirement would reach past those individuals or parties indispensable to *then pending* cases. Of course, all such persons or parties were

[4]. In actuality, it appears Vale was faced with two potential hurdles. One, jurisdiction, for failure to join an interested party, the tort plaintiff Smith; and two, mootness, because Vale had been subsequently dismissed from the underlying law suit filed by Smith. With respect to the mootness issue the Court comments at 512 Pa. 295, n. 3, 516 A.2d at 687, n. 3, that the issue of coverage could be decided in *one* of the other 40 pending cases. It does not suggest, as would the majority's holding here, that *all* the interested parties of all 40 cases would have to be joined prior to the court gaining jurisdiction to render a decision.

joined in this case as well. To read the joinder provisions of the Declaratory Judgment Act and the *Vale* decision to result in a divestiture of jurisdiction every time an individual or individuals file similar actions against the insured, after the insured has sought declaratory relief as to its insurer's obligations, would create a situation where declaratory relief would be virtually impossible to obtain in such cases, while also ignoring the great importance such relief has for all parties involved in such cases. In addition, it would appear to conflict with statements of this court and our Supreme Court that once jurisdiction of a court attaches, it exists for all times until the cause is fully and completely determined. See *Get Set Organization v. Philadelphia Federation of Teachers, Local No. 3*, 446 Pa. 174, 286 A.2d 633 (1972); *Whitmer v. Whitmer*, 243 Pa.Super. 462, 365 A.2d 1316 (1976). It cannot be said that indispensable parties were missing when the case was filed. Consequently, the court possessed jurisdiction over the subject matter at that point in time. As such, this case is distinguishable from *Vale*. The majority provides no authority for the proposition that the subsequent filing of actions against J. H. France could work to divest the trial court's ability or competency to issue a declaratory judgment.

In response to the majority's discussion of my Dissenting Opinion, the point I have argued is that the *Vale* case does not dictate the result reached by the majority. I believe a very careful reading of *Vale* will disclose this fact. The majority responds to my dissent by indicating there is a difference between competency to "enter upon an inquiry" and competency to "grant the relief sought." This may indeed be true; however, the *Vale* case did not hinge upon such a distinction as the majority suggests. The majority states, at pp. 582 of their opinion, "[a] court can be competent to enter upon an inquiry and yet ultimately decide that, in view of the facts pleaded or proved, it is unable to grant the relief sought. That was the circumstance facing our Supreme Court in *Vale* and the situation

we here review." A careful review of *Vale* discloses that our Supreme Court was not faced with this "circumstance", nor did they make such a distinction in their holding.

The Supreme Court stated early in *Vale* that "[b]ecause the Illinois plaintiff, an indispensable party, was not joined, we reverse for lack of *subject matter jurisdiction.*" (Emphasis added). 512 Pa. at 292, 516 A.2d at 685. They then state that "we vacate Superior Court's order and remand to Common Pleas with directions to dismiss appellee's suit for *lack of subject matter jurisdiction.*" (Emphasis added). 512 Pa. at 293, 516 A.2d at 686. Perhaps even more definitive is the Supreme Court's final statement on the issue:

> The dismissal of this case is based solely on the failure to join the proper parties. It is clear that if personal jurisdiction of the Illinois plaintiff could have been had, her joinder would have given the court jurisdiction, under our Declaratory Judgments Act, to *entertain* this action.

(Emphasis added), 512 Pa. at 297, n. 5, 516 A.2d at 688, n. 5.

The Court also states that the fact that Smith had allegedly been dismissed from the underlying lawsuit was "irrelevant to a determination of whether there was jurisdiction over this matter *when it was first filed.*" (Emphasis added), 512 Pa. at 295, n. 2, 516 A.2d at 687, n. 2. These passages clearly show that the *Vale* decision focused on the failure to join Smith, the underlying tort plaintiff, and found a lack of subject matter jurisdiction due to this failure. The Supreme Court found a jurisdictional defect which existed *at the time the case was filed* and which was never subsequently cured by the joinder of Smith. The Court did not find that Common Pleas had jurisdiction to hear the action initially but lacked competency to issue a declaratory judgment. Nor does the Court indicate or suggest that once gaining jurisdiction or competency to hear the action Common Pleas could still possibly be without authority to issue a declaratory judgment. The majority states at page 582 of its opin-

ion, "we agree with the dissenters that the trial court was empowered to hear the matters now on appeal." Further, the majority does not contend that indispensable parties were absent when the case was filed. Consequently, as pointed out by President Judge Cirillo, the *Vale* case is clearly distinguishable from the present one because the Supreme Court found in *Vale* that the trial court did not have jurisdiction over the case when it was "first filed" and therefore lacked jurisdiction to "entertain this action."

Additionally, even if the majority should take issue with the Supreme Court's characterization of the jurisdictional defect which existed in *Vale*, it cannot be reasonably argued that the Court found such a defect or loss of competency based upon the later filing of cases against *Vale* by others similarly situated to Smith. The Court clearly based its holding on an examination of the record at the time the case was filed.

As such, the majority's holding today constitutes a great expansion of the holding made by our Supreme Court in *Vale*. If this happens to be the majority's intent, they should state so clearly and support their decision with either appropriate authority, rationale or both. However, such a decision should not rest upon a mischaracterization of the *Vale* holding. There is an immeasurable difference between finding a lack of subject matter jurisdiction, based upon the failure to join an indispensable party, the tort plaintiff from the underlying case, as was done in *Vale*, and finding a lack of competency to issue a declaratory judgment due to the fact that, after the declaratory judgment action was filed with the joinder of the underlying tort plaintiffs, others similarly situated had filed lawsuits against J. H. France, as the majority holds here. It is this difference which has yet to be adequately explained or supported by the majority and which I refuse to support with my vote. Consequently, I disagree with the majority's expressed view and I respectfully dissent.