555 A.2d 797

J.H. FRANCE REFRACTORIES COMPANY and the Van Brunt Company, Appellants,

v.

ALLSTATE INSURANCE COMPANY, Pennsylvania Manufacturers' Association Insurance Company, St. Paul Insurance Company, U.S. Fire Insurance Company, Wausau Insurance Company, and Rockwood Insurance Company, Appellees.

ALLSTATE INSURANCE CO., Appellant at No. 111,

v.

J.H. FRANCE REFRACTORIES COMPANY, Appellant at No. 109,

Pennsylvania Manufacturers' Association Insurance Company, Appellant at No. 110,

St. Paul Insurance Company, Appellant at No. 112,

Wausau Insurance Company,

U.S. Fire Insurance Company, Appellant at No. 113,

and

Rockwood Insurance Company.

Appeal of PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY.

Appeal of ST. PAUL INSURANCE COMPANY.

Appeal of U.S. FIRE INSURANCE COMPANY.

Supreme Court of Pennsylvania.

Argued Jan. 19, 1989.

Decided March 3, 1989.

Mark D. Turetsky, Norristown, for appellants.

Donald E. Seymour, Peter J. Kalis, Daivd J. Strasser, Pittsburgh, for amicus Dresser Industries, H.K. Porter, et al.

Robert N. Sayler, Washington, D.C., for amicus Armstrong World Industries.

Earl T. Britt, Plymouth Meeting, Wayne Schaible, Philadelphia, for PMA.

Ralph L. Hose, Ardmore, for St. Paul.

Martin Mullen, William F. Sullivan, Philadelphia, for Wausau.

John C. Sullivan, Joseph G. Mantal, Philadelphia, for Allstate.

John A. Luchsinger, Delaware, Nancy A. Sennett, Meadville, for U.S. Fire.

Mitchell S. Pinsly, Marc Reuben, Philadelphia, for Rockwood.

Before NIX, C.J., and FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

FLAHERTY, Justice.

This case presents the question of whether the jurisdiction of a Common Pleas Court is defeated in a declaratory judgment action where all parties having claims are joined at the time of the action, but subsequently, additional claimants file suit against one of the parties and the additional claimants are not added as parties to the original declaratory judgment action.

The factual background of the case is that J.H. France Refractories Company (hereinafter J.H. France) and its now wholly-owned subsidiary, the Van Brunt Company, between 1956 and 1972 manufactured and marketed a product containing asbestos. J.H. France also marketed and continues to market products containing silica, which, like asbestos, is claimed to cause physical injury to those who breathe it. On April 19, 1979, Gladys Temple, administratrix of the estate of Charles Temple, filed suit against J.H. France, claiming that her decedent, Charles Temple, suffered from asbestos-related diseases contracted through exposure to J.H. France's asbestos-containing products from 1948 through 1978.

J.H. France was insured during various time periods relevant to this action by the Pennsylvania Manufacturers Association, St. Paul, Allstate, U.S. Fire, Wausau, and Rockwood Insurance Companies. Upon receipt of this suit, J.H. France presented the Temple claim to Allstate, St. Paul and PMA for defense and indemnity, the insurers who had provided coverage between 1967 and 1979. None of these

insurers agreed to defend or indemnify, and J.H. France undertook its own defense. In 1981 J.H. France filed this declaratory judgment action for the purpose of determining the insurers' duty to defend and indemnify against the Temple claim. Subsequent to the filing of this declaratory judgment action, additional asbestos and silica-related lawsuits were filed against J.H. France. Apparently because these actions were for injuries allegedly sustained during a time period which went beyond 1979 (into the 1980's), additional insurance companies became involved. In 1984, Allstate filed its own declaratory judgment action, naming PMA, St. Paul, U.S. Fire, Wausau and Rockwood Insurance Companies, as well as fourteen individuals who had filed asbestos or silica-related lawsuits after J.H. France filed its original declaratory judgment action. Still other asbestos or silica-related claims against J.H. France were filed after Allstate's declaratory judgment action was filed, and the claimants therein have not been joined in any pending action. J.H. France's and Allstate's declaratory judgment actions were consolidated, and the carriers who insured J.H. France during the relevant time periods have taken differing positions with respect to their duty to indemnify and defend. If a defense has been provided, it has been provided subject to reservation of rights.

The issues at trial were whether the various insurance companies were liable for the defense and indemnification of J.H. France for claims based on exposure to its products containing asbestos and silica, and if they were liable, how the liability was to be apportioned among the insurers. The various insurance contracts could be adjudicated in one action because the relevant language was virtually identical in all of the contracts. The trial court, acting on J.H. France's motion for summary judgment, worked out a scheme, not relevant here, in which the various insurers were required to defend and indemnify against asbestos or silica related claims made against J.H. France and determined that the insurers had not acted in bad faith in failing to defend or indemnify at an earlier time.

Multiple appeals were filed in Superior Court challenging the substance of the trial court's determination, but Superior Court declined to address the merits of the case on the grounds that the lower court did not have jurisdiction because parties who had filed claims against J.H. France after the declaratory judgment actions were filed had not been included in the declaratory judgment action. 372 Pa.Super. 575, 539 A.2d 1345. Superior Court's holding was based on its reading of our decision in *Vale Chemical Co. v. Hartford Accident and Indemnity Co.*, 512 Pa. 290, 516 A.2d 684 (1986), which Superior Court understood to require that in a declaratory judgment action, all parties, present and future, who might be affected by the decision must be joined. Various parties petitioned for allowance of appeal and we granted allocatur to address the propriety of Superior Court's determination that the court of common pleas was without jurisdiction to hear the case. For the following reasons, we reverse the order of Superior Court and remand for that court's determination of the substantive issues raised in the appeal.\*

Both J.H. France's and Allstate's declaratory judgment actions were brought pursuant to the Pennsylvania Declaratory Judgments Act, 42 Pa.C.S. § 7540, which provides:

§ 7540. Parties

(a) General Rule.—When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

Although J.H. France joined Temple as well as its insurance companies in the first declaratory judgment action, and Allstate joined not only the other insurance companies, but also J.H. France and fourteen claimants who had asserted asbestos-related claims after J.H. France filed its declaratory judgment action, still other claimants who had asserted

---

\* We decline to address the five substantive issues raised by some of the parties in this case because they have not been addressed by the court below and are improperly before us at this time.

asbestos claims against J.H. France after Allstate's action was filed were not joined in either of the declaratory judgment actions. Superior Court ruled that the failure to join these additional parties in the pending declaratory judgment actions defeated common pleas' jurisdiction, citing *Vale Chemical Co. v. Hartford Accident and Indemnity Co., supra,* as authority for its decision.

*Vale* concerned a drug manufacturer who brought a declaratory judgment action against its product liability insurers to determine whether the insurers had a duty to defend against a claim brought by a third party who asserted that she had contracted cancer as a result of exposure to the manufacturer's products. The third party plaintiff, who lived out of state, was not joined, and we determined that the lower court, therefore, lacked subject matter jurisdiction. Our decision was based upon a consistent line of decisions in which this Court has ruled that:

> where claims are asserted against an insured, the persons asserting the claims are indispensable parties in a declaratory judgment action on the issue of coverage between the insured and the insurance carrier.

512 Pa. at 293, 516 A.2d at 686, citing *Pleasant Township v. Erie Insurance Exchange,* 22 Pa.Cmwlth. 307, 311, 348 A.2d 477, 479–80 (1975).

Although *Vale* did not directly address the question raised in this case, whether *subsequent* claimants must be joined in this type of declaratory judgment action as they arise, and *Vale* might, therefore, be read to require a joinder of all claimants, including claimants who assert their claims after the declaratory judgment action is filed, we believe that such a reading of *Vale* cannot not prevail for two reasons. First, this Court has held that once the jurisdiction of a court attaches, it continues until the cause is finally determined. *Get Set Organization v. Philadelphia Federation of Teachers,* 446 Pa. 174, 181, 286 A.2d 633, 636 (1972). In this case, the court of common pleas had jurisdiction over both actions at the time they were filed, for both actions named all parties who would be affected by the

declaration at the time of filing. Secondly, were we to decide otherwise, we would be, in practical effect, depriving parties such as these access to declaratory judgment actions, for the expense and inconvenience of constantly adding parties as new claims surface would defeat the purpose of simplicity and efficiency of this form of action.

Reversed and remanded for consideration of the substantive claims raised in the court below.

LARSEN, J., did not participate in the consideration or decision of this case.