**Mine Safety Appliances Co. v.
Century Indemnity Co.**

*George L. Stewart II* and *Michael H. Sampson,* for plaintiff.

*Nicholas A. Pasciullo* and *Melvin R. Shuster,* for defendant.

WETTICK JR., *A.J.,* November 29, 2007—The issue that I consider in this opinion and order of court is whether *Vale Chemical Co. v. Hartford Accident Indemnity Co.,* 512 Pa. 290, 516 A.2d 684 (1986), and its progeny apply when an insurance company, without joining any persons having past, current, or future claims against the insured, seeks declaratory relief as to defense and coverage issues, only as to claimants whose claims have been resolved and potential claimants who have not yet raised claims against the insured.

Mine Safety Appliance Company sued Century Indemnity Company, as successor in interest to the issuers of insurance policies issued to Mine Safety, raising breach of contract and bad faith counts for failure to defend and provide coverage. Mine Safety alleges that it has been sued in numerous personal injury lawsuits and Century has not reimbursed Mine Safety for settlements and defense costs which it has paid.[1]

---

1. Mine Safety's complaint alleges that Mine Safety has been sued in numerous personal injury lawsuits across the country, the vast majority of which involve Mine Safety's respiratory protection products. The plaintiffs in these lawsuits are suffering from various respiratory

Mine Safety's breach of contract counts are based on breaches of a 1961 policy, a 1964 policy, a 1969 policy, a 1970 policy, and a policy identified as a *Cal Union Policy.* The relief which Mine Safety seeks is a judgment in the sum Mine Safety has paid for defense costs and settlements. The final count is a claim for breach of the duty of good faith and fair dealing under which Mine Safety seeks consequential and punitive damages.

Century's second amended answer, new matter and counterclaims includes a five-count counterclaim. In Count I (Declaration of rights and obligations—"Other insurance"), Century seeks a declaration that Century's total obligation to Mine Safety for any of the underlying claims against Mine Safety that have been settled or otherwise fully resolved and for any future claims that have yet to be filed against Mine Safety is limited to Century's obligations under the 1970 policy (*i.e.,* Century has no obligations under the 1961, 1964, and 1969 policies).

In Count II (Declaration of rights and obligations— Number of occurrences), Century seeks a declaration that the underlying claims against Mine Safety that have been settled or otherwise finally resolved, and any future claims that have yet to be filed against Mine Safety result from or arise out of a single occurrence.

In Count III (Declaration of rights and obligations— Obligation to defend or pay defense costs), Century seeks a declaration that Century's obligation to pay defense

---

diseases. At this time, Mine Safety is a defendant in approximately 23,000 underlying claims.

costs incurred by or on behalf of Mine Safety and reflected in invoices provided to Century during the period June 15, 2005 to December 31, 2005 is limited to the payment of the agreed-upon share of such defense costs and Century has no obligation to defend any underlying claims that have not been forwarded to the law firm designated by Century for defense.

In Count IV (Declaration of rights and obligations), Century requests this court to enter an award consistent with Century's contentions at paragraphs 15-19. Paragraph 15 is an incorporation provision. Paragraph 16 states that to the extent the court determines that Century is liable for any portion of the costs of the defense and/or indemnity of any of the underlying claims that have been settled or otherwise fully resolved, Century is entitled to a determination of the proper allocation of such costs, if any, as between Mine Safety and Century. Paragraph 17 states that to the extent that the court determines that Century is liable for the costs of defense and/or indemnity of any of the underlying claims that have been settled or otherwise fully resolved, Century is entitled to a determination that it could only be obligated to pay its pro rata or proportionate share of such costs that were properly settled and which fall within the terms, conditions, and exclusions of the insurance policies. Paragraph 18 states that until the applicable Century policies are exhausted, Mine Safety will demand that Century pay 100 percent of all costs of defense and indemnity associated with underlying claims that will in the future be alleged against Mine Safety. Paragraph 19 states that Century seeks a determination that it could only be obligated to pay its pro rata or proportionate

share of the costs associated with the underlying claims that will in the future be alleged against Mine Safety that fall within the terms, conditions, and exclusions of the policies.

In Count V (Contribution, allocation, or setoff), Century requests the court to enter an award consistent with its contentions at paragraphs 20-23. Paragraph 23 is the only applicable paragraph. It provides that to the extent Century is obligated to pay more than its proportionate share of the defense and indemnity costs demanded by Mine Safety, Century is entitled to apportionment, contribution, indemnification, payment, reimbursement, and/ or setoff from Mine Safety to the extent appropriate under applicable law, in the amounts of its respective proportionate share of the defense and indemnity costs incurred in connection with the underlying claims.

Mine Safety seeks dismissal of Counts I-III based on *Vale Chemical Co. v. Hartford Accident Indemnity Co., supra.* In an underlying lawsuit, Vale Chemical was sued in Illinois by a woman who claimed that her cancer was caused by her mother's use of a product manufactured by Vale Chemical during her mother's pregnancy. Vale Chemical then sued in the Pennsylvania state courts under Pennsylvania's Declaratory Judgments Act, 42 Pa.C.S. §§7531-7541, to determine whether its insurance contracts with Transamerica and Hartford required them to defend Vale Chemical and indemnify it against the Illinois plaintiff's claim.

The trial court in the Pennsylvania proceedings ruled that both companies were required to provide a defense. The Superior Court affirmed in an opinion that adopted

the multiple trigger theory of liability. The Pennsylvania Supreme Court reversed on the ground that the common pleas court lacked jurisdiction to enter a declaratory judgment because an interested party (*i.e.,* the injured Illinois plaintiff) was not joined. The court held that failure to join the Illinois plaintiff was a fatal defect because she had an interest in seeing that an insurance company paid a judgment entered against its insured. *Vale, supra,* 512 Pa. at 294, 516 A.2d at 686-87. The court's opinion cited 42 Pa.C.S. §7540(a) which provides, in relevant part, that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

Century contends that *Vale* does not apply because Century does not seek declaratory relief as to persons with pending claims. Instead, Century seeks declaratory relief only as to tort claims that have been resolved and future claims that have yet to be filed against Mine Safety.

According to Century, *Vale* does not bar a request for declaratory relief for underlying claims against Mine Safety that have been settled or otherwise fully resolved because these claimants have no interest which could be affected by a declaration that Century has no obligations under the 1961 policy, 1964 policy, and 1969 policy and that any future claims are limited to those obligations under the 1970 policy.

Century claims that it is entitled to seek declaratory relief as to future claims that have not yet been

filed against Mine Safety, including declarations that (i) any future claims only involve Century's obligations under the terms of the 1970 policy and (ii) any future claims arise from or out of a single occurrence. Century relies on *J.H. France Refractories v. Allstate,* 521 Pa. 91, 555 A.2d 797 (1989), where the court ruled that *Vale* does not require a joinder of claimants who assert their claims after the declaratory judgment action is filed.

Century relies on the ruling of the Common Pleas Court of Philadelphia in *Kvaerner U.S. Inc. v. OneBeacon Insurance Co.,* no. 0940 April term 2003, 2003 WL22282606 (C.P. Phila. Sept. 29, 2003), which found merit to the arguments that Century is raising in the present case. In that case, Kvaerner instituted a declaratory judgment action seeking a finding that the insurance policies the defendants issued to Kvaerner obligated the defendants to defend Kvaerner against asbestos-related bodily injury claims and to indemnify Kvaerner for all damages payable by it with respect to asbestos claims. The only parties to the litigation were the insured (Kvaerner) and its insurance companies. Kvaerner did not join any of the tort claimants in the underlying litigation against Kvaerner.

In its complaint, Kvaerner sought declaratory relief as to all asbestos-related claims. In response to Century's preliminary objections raising a lack of subject matter jurisdiction, the court limited Kvaerner's claims for declaratory relief to claimants who had settled their claims with Kvaerner and future asbestos-related claimants. With respect to claimants who had settled their claims, the court stated:

"Any effect which the declaratory judgment would have upon the parties that settled is highly speculative and would only be incidental to the issues in the instant action. The settled claimants are not essential to the merits of this issue and justice can be accomplished without violating due process rights. Accordingly, this court finds that claimants that have settled with Kvaerner in the underlying actions do not have an interest in this action." *Id.* at *2.

With respect to future asbestos claims, the court, citing *J.H. France,* stated that future asbestos-related claimants are not indispensable parties to the present action.[2]

I am not following *Kvaerner* because it denies interested parties the protections which *Vale* intended to furnish and would render *Vale* meaningless.

Any ruling as to the coverage available to claimants whose claims have been resolved and as to future claimants would in this case—and in almost all cases—involve the same issues that will be addressed in coverage disputes as to existing claimants. In other words, if Century's counterclaim also sought declaratory relief as to claimants with existing and unresolved claims, the issues would not change. Since the issues would not change, any rulings favorable to the insurance company would

---

2. I do not read *J.H. France* to allow declaratory relief as to coverage where no claimants are parties to the litigation. In *J.H. France,* the parties to the litigation included claimants with existing and unpaid claims whose interests were similar to the interests of future claimants and the issue was whether a court with jurisdiction to grant declaratory relief would lose its jurisdiction because of subsequent filings. In the present case, this court never had jurisdiction to grant declaratory relief.

eventually apply in litigation involving coverage for claimants with existing and unresolved claims. The applicable doctrines by which this would occur include a requirement that one common pleas court judge follow the legal rulings made by another judge of the same court; common pleas court judges must follow opinions of the appellate courts; and one Superior Court panel must follow the rulings of an earlier Superior Court panel.[3]

I recognize that section 7540(a) of the Declaratory Judgment Act provides that no declaration shall prejudice the rights of persons not parties to the proceeding. However, at the most, this only means that a person is not bound by a declaration entered in a proceeding in which he or she was not a party.[4] It does not mean that the legal rulings made in the first proceeding do not control the second proceeding. It would be an absurd result to construe section 7540(a) to mean that in the second proceeding, the insurance company could not cite and the common pleas courts and the Superior Court could not follow (or even refer to) an opinion of the Pennsylvania Supreme Court entered in the first proceeding.

Century devotes most of its brief to arguing the obvious—claimants whose claims have been fully resolved

---

3. I recognize that rulings made in Mine Safety's breach of contract claims against Century may affect coverage for claimants with existing and unresolved claims and future claimants. However, there is no legislation which provides that in a breach of contract action all persons who have or may claim any interest that may be affected by the litigation must be made parties.

4. I believe that this provision means that a court may not furnish declaratory relief whenever the declaration may prejudice the rights of persons not parties to the proceedings.

have no interest in Century's counterclaim. However, Century never explains why claimants with pending claims do not have interests which would be affected by the declaration and how a court could make a declaration which did not "prejudice the rights of persons not parties to the proceeding." 42 Pa.C.S. §7540(a).

It is recognized that an insured or an insurance company cannot pursue a declaratory judgment action in the Pennsylvania state courts whenever there are a large number of claimants with outstanding claims or whenever there are claimants outside the jurisdiction of the Pennsylvania courts who will not voluntarily participate in the Pennsylvania proceedings. If this is an undesirable result, the cure is not to allow proceedings in which claimants with the most to lose are not required to be joined in litigation that will affect their interests. Instead, the cure should be to permit a declaratory judgment action to proceed if the interests of those whom it is impossible or not feasible to join are adequately represented by the present parties. See discussion in *Zurich Insurance Co. v. Baxter International Inc.,* 655 N.E.2d 1173, 1177-80 (Ill. App. Ct. 1995) (discussion of no precedential value); *Zurich Insurance Co. v. Baxter International Inc.,* 670 N.E.2d 664, 668 (Ill. 1996); and *Monsanto Co. v. Aetna Casualty and Surety Co.,* 565 A.2d 268 (Del. Super. Ct. 1989).

Also see *City of Philadelphia v. Commonwealth,* 575 Pa. 542, 838 A.2d 566 (2003), where the court said that section 7540(a) is subject to reasonable limitations. The "guiding inquiry in any discussion of indispensability is whether justice can be done in the absence of the parties asserted to be necessary." *Id.* at 572, 838 A.2d at 584.

Thus, where there is a frontal constitutional attack on an act of the General Assembly, the Attorney General stands in a representative capacity for all non-Commonwealth parties having an interest in seeing the statute upheld. Also see *Commonwealth, Office of Attorney General v. Richmond Township,* 917 A.2d 397 (Pa. Commw. 2007); *Stilp v. Commonwealth,* 910 A.2d 775, 785-86 (Pa. Commw. 2006).

For these reasons, I am granting Mine Safety's motion for judgment on the pleadings as to Counts I and II of Century's counterclaim.

I next consider the motion for judgment on the pleadings as to Count III in which Century seeks a declaration as to its obligation to defend. I also find a lack of subject matter jurisdiction for failure to join an indispensable party because of Century's failure to join claimants with pending and unresolved claims.

In *Vale,* the insured sought declaratory relief as to whether its insurance companies were required to defend the action filed against Vale and to indemnify it for liability. In holding that the jurisdictional requirements of the Declaratory Judgment Act with respect to joinder of indispensable parties had not been satisfied, the Pennsylvania Supreme Court did not distinguish between a duty to defend and a duty to provide coverage.

Also, the issues that will be addressed in a declaratory judgment count seeking a declaration as to the duty to provide a defense are very similar to the issues that will be addressed in a declaratory judgment action seeking a declaration as to the duty to indemnify a party making claims under the policy. See *General Accident*

*Insurance Co. of America v. Allen,* 547 Pa. 693, 706, 692 A.2d 1089, 1095 (1997). Thus, where declaratory relief is sought only as to the duty to defend, a ruling that does not require joinder of any claimants would, in many cases, result in decisions that would detrimentally affect coverage claims for indemnification without any claimant's participation. Also, courts would be inviting piecemeal litigation if *Vale* could be avoided where the plaintiff sought only declaratory relief as to a duty to defend.[5]

I next consider Mine Safety's motion for judgment as to Counts IV and V of the counterclaim. I am dismissing Count IV—Full declaration of rights and obligations—because it appears to be dependent upon requested rulings as to the declaratory relief that was sought in the earlier counts of the counterclaim which have been dismissed. Furthermore, any claims for declaratory relief sought in this court are dismissed for failure to join indispensable parties.

I am dismissing Count V because it appears to raise matters that are defenses to Mine Safety's claims. To the extent that declaratory relief is sought, it is barred by the failure to join indispensable parties.

---

5. The *Kvaerner* case rejected Kvaerner's attempts to distinguish between a duty to defend and a duty to indemnify. The court said that since "the plaintiffs-claimants have an interest in coverage, this court finds that the underlying claimants have an interest in this action." *Kvaerner, supra,* 2003 WL 22282606, at *2.

## ORDER OF COURT

On November 29, 2007, it is hereby ordered that plaintiff's motion for judgment on the pleadings with respect to the counterclaims of Century Indemnity Company is granted and each count within the counterclaim is dismissed.