## Stoudt v. Harleysville Insurance Co.

*Deborah D. Olszewski,* for plaintiff.

*Robert J. Behling,* and *Robert E. Dapper Jr.,* for defendant.

FRAMPTON, *J.,* January 15, 1992—Currently before this court for disposition are defendant's preliminary objections. The events leading to this action were set in motion on May 25, 1990. Nora McCracken went to the professional office of K. Donald Stoudt, M.D., located at 89 Elm Avenue, Sharon, Mercer County, Pennsylvania. Nora McCracken, an 88-year-old woman, was placed on an examination table four feet off the floor. Following the examination, Dr. Stoudt and all of his employees allegedly left Nora McCracken alone in the examination room. It is alleged there were no handrails, footstools, or guardrails to assist Nora McCracken in alighting from the table. Nora McCracken fell and injured her left hip when attempting to get off the table by herself.

As a result of the fall, a civil action was instituted against Dr. Stoudt. A complaint was filed following a writ of summons on January 31, 1991. The complaint is docketed at 1600 C.D. 1990. The complaint alleges numerous grounds for relief. These grounds include, inter

alia, negligence regarding leaving Nora McCracken unattended and in failing to assist her in getting down from the examining table, failing to train employees in the proper method for assisting elderly people down from the examining table, in permitting a dangerous condition to exist on the premises, failing to inspect the premises and in failing to warn of the dangerous condition of the premises.

The preliminary objections now before this court arise from a related action filed at 717 C.D. 1991 by Dr. Stoudt against Harleysville Insurance Co. requesting a declaratory judgment regarding coverage of the suit at 1600 C.D. 1990.

Harleysville Insurance Co. issued a business liability policy covering Dr. Stoudt with a $300,000 limit. Dr. Stoudt also was covered by a professional liability policy issued by the Pennsylvania Medical Society Liability Insurance Co.

PMSLIC is currently providing Dr. Stoudt with a defense to the action filed by Nora McCracken. Harleysville Insurance Co. denied coverage in a letter dated November 28, 1990, relying on a section of the policy that excludes coverage arising out of professional services. In the instant action, Dr. Stoudt asks this court to find the Harleysville Insurance Co. policy provides coverage for the suit filed by Nora McCracken.

Defendant's preliminary objections raise three contentions. The first contention is that this court does not have jurisdiction of this case as Pennsylvania Medical Society Liability Insurance Co., another insurer of Dr. Stoudt, and Nora S. McCracken (tort plaintiff), a plaintiff in a suit against Dr. Stoudt, are indispensable parties to this action and are not joined. Second, until a jury reaches a verdict in the McCracken case, this action may not lie. Third, the Harleysville Insurance Co.'s policy was

not attached to the complaint and therefore, this action must be dismissed.

This court finds PMSLIC and the tort-plaintiff to be indispensable parties. This action will be dismissed without prejudice. In light of this finding, it is unnecessary to address the second and third contentions. Additionally, this court would deem those arguments waived as they were not addressed in the brief in support. (In the interest of judicial economy, we wish to point out there appears to be no merit in defendant's second and third contentions).

## DISCUSSION

Title 42 Pa.C.S. §7540(a) provides, "When declaratory relief is sought, all persons *shall be made parties* who have or claim *any interest* which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." (emphasis added) This section is mandatory. If one has an interest which would be affected, they must be joined or there is no jurisdiction.

The question becomes, does PMSLIC and the tort-plaintiff have such an interest? This court finds they do. PMSLIC is currently providing a defense to the tort action. It is not clear from the complaint at 1600 C.D. 1990, whether that action will resolve itself as professional or general negligence, if negligence is found to exist at all. If a verdict be rendered in plaintiff's favor, indemnity or contributory may lie. If PMSLIC is not joined in this action, this court's declaration will not bind them.

Dr. Stoudt's brief in opposition to preliminary objections argues PMSLIC's interest is protected by Dr. Stoudt. This is not a class action. Dr. Stoudt represents himself. If Dr. Stoudt is found liable in the tort action, and negligence is predicted on general negligence, PMSLIC and Dr.

Stoudt's interests are no longer the same. Additionally, 75 Pa.C.S. §7540 provides anyone with an interest "shall be made parties." It is irrelevant to. this analysis if the interest is protected. Since PMSLIC has a direct and substantial interest in Harleysville's obligations with respect to Dr. Stoudt's tort defense of liability, PMSLIC must be a party to this action.

The tort-plaintiff also has a direct and substantial interest in this court's declaration as to Harleysville's obligations. The plaintiff has a interest in being able to recover if a judgment is entered in her favor. If Harleysville must provide coverage, the tort-plaintiff may well be entitled to funds from Harleysville. The case may have been be different if PMSLIC brought this action against Harleysville—then the court could bind both insurance companies and insure the plaintiff a means of recovery. This is not the situation here. Even once PMSLIC is joined, this court cannot decree their obligations with respect to Dr. Stoudt. If this court finds Harleysville's policy does not provide coverage, and the jury in the tort action finds general negligence, plaintiff will have lost a source of compensation. Nora S. McCracken is an indispensable party to this action.

This court finds the principles set forth in *Vale Chemical Co. v. Hartford Accident & Indemnity Co.,* 512 Pa. 290, 516 A.2d 684 (1986), to be controlling. *Vale* arose when a plaintiff sued Vale for cancer based on a products liability theory arising out of plaintiff's mother using the drug DES. Vale then filed a declaratory judgment action to determine whether Transamerica Insurance Co. and Hartford Accident and Indemnity Co. were required to provide coverage to Vale. The *Vale* court recognized that "plaintiff has an interest in seeing that an insurance company pays the judgment against its insured." 512 Pa. at 294, 516 A.2d at 686-87.

The court stated, "[B]ecause the action sought a declaration about coverage in this case, it is apparent that [the plaintiff in the DES suit] had an interest in this declaratory judgment action when it was filed." 512 Pa. at 295, 516 A.2d at 687. The court therefore held, "Because [the DES plaintiff], an indispensable party, was not joined, we reverse for lack of subject matter jurisdiction." 512 Pa. at 292, 516 A.2d at 685.

Dr. Stoudt's brief in response to the preliminary objections states, "PMSLIC does not intend to withdraw its defense even if Harleysville is found to owe a defense to Dr. Stoudt." Dr. Stoudt thus contends this case is distinguishable from *Vale*. This court finds this distinction in no way alters the application of the principles in *Vale* from this case. This tort-plaintiff has an interest in an insurance company covering Dr. Stoudt if he is found negligent in a non-professional-related manner. Additionally, the representations regarding PMSLIC's intentions are made in Dr. Stoudt's brief, however, there is no representative of PMSLIC before this court. This court will not assume jurisdiction based on Dr. Stoudt's statement that PMSLIC does not intend to withdraw.

Hence this order.

## ORDER

And now, January 15, 1992, this court finds Pennsylvania Medical Society Liability Insurance Co. and Nora S. McCracken are indispensable parties to this action. This court is therefore without jurisdiction and action is dismissed without prejudice, unless within 20 days of the date of this opinion the plaintiff files an amended complaint consistent with this opinion.