**COREGIS INSURANCE COMPANY,**
**Plaintiff,**

v.

**Jonathan WHEELER, Defendant.**

**No. Civ.A. 97–7941.**

United States District Court,
E.D. Pennsylvania.

July 24, 1998.

*MEMORANDUM–ORDER*

LOWELL A. REED, Jr., District Judge.

**AND NOW,** this 24th day of July, 1998, upon consideration of the motion to dismiss of defendant Jonathan Wheeler (Document No. 7), response of plaintiff Coregis Insurance Company thereto (Document No. 10), and all subsequent briefing of the parties (Document Nos. 15 & 16), and having found and concluded that:

1. *Factual Background*

This is a dispute between plaintiff Coregis Insurance Company ("Coregis") and a policyholder, defendant Jonathan Wheeler, Esq. ("Wheeler") regarding professional liability insurance coverage. Prior to his application to Coregis for liability insurance, Wheeler was retained by Anita Wendler ("Wendler") in February 1991 to represent her on matters concerning alleged injuries she received while hospitalized at Nazareth Hospital in March 1989. The two claims which allegedly arose from these injuries and for which Wendler allegedly retained Wheeler's representation were: (i) a medical malpractice claim against the doctor and (ii) a slip and fall claim against the hospital. Wheeler filed a lawsuit on behalf of Wendler on March 6, 1991 against the doctor and the hospital, but failed to include any allegations pertaining to the slip and fall claim. The statute of limitations on this claim expired in or about March 1991. In December 1994, Wheeler filed a petition to add the slip and fall to the complaint, but the petition was denied by the trial court. Nazareth Hospital was subsequently dismissed from the lawsuit. Wendler settled her medical malpractice claim against the doctor in May 1996, but received no compensation for the slip and fall claim against the hospital.

In September 1996, Wheeler applied to Coregis for professional liability insurance. Coregis issued a policy insuring Wheeler, with Bertholon–Rowland, Inc. t/a Colburn–Bertholon–Rowland, Inc. ("Bertholon–Rowland") as the broker. Included in the insurance policy was the following exclusion clause ("Exclusion B"):

Jeffrey A. Goldwater, Chicago, IL, for plaintiff.

Jonathan Wheeler, Philadelphia, P.A., for defendant.

Any claim based upon or arising out of any act, error, omission or personal injury occurring prior to the effective date of this policy if the Insured at the effective date knew or could have reasonably foreseen that such act, error, omission or personal injury might be expected to be the basis of a claim or suit.

(*See* Document No. 7, Exh. C).

On December 5, 1996, Wendler brought a legal malpractice suit against Wheeler on the grounds of negligent representation with respect to her slip and fall claim. Wheeler had attempted to settle this matter by reducing the fee he charged to Wendler in the medical malpractice settlement, but was unsuccessful. Wheeler sent a letter to Coregis on December 19, 1996 notifying the insurance company of Wendler's claim against him. Shortly thereafter, Coregis informed Wheeler that coverage was denied on Wendler's claim because Wheeler had breached the prerequisite conditions of the policy [1] and also because the claim was explicitly excluded from coverage under Exclusion B;

### 2. Procedural Background

On December 23, 1997 Coregis filed a complaint for declaratory judgment against Wheeler in this action alleging two counts: prior knowledge of Wendler's claim (Count 1) and rescission (Count 2). On December 31, 1997, Wheeler commenced a related lawsuit in the Court of Common Pleas of Philadelphia County against Coregis, Wendler and Bertholon–Rowland [2] on the same issues raised by Coregis in the federal court action, but with additional claims of violation of the Pennsylvania bad faith statute, 42 Pa.Stat. Ann. § 8371 (West 1998), against Coregis and negligence against Bertholon–Rowland.

On March 9, 1998, Wheeler filed with this Court a motion to dismiss pursuant to Federal Rule of Civil Procedure 19 ("Rule 19") for failure to join necessary and indispensable parties [3] and the doctrine of abstention. On May 29, 1998, the Court of Common Pleas of Philadelphia County, dismissed without prejudice Wheeler's state court action. (Document No. 15, Exh. A). The order by the state court explicitly granted Wheeler the "right to refile after the resolution of related federal court action." (*See* Document No. 15, Exh. A);

### 3. Federal Rule of Civil Procedure 19

Rule 19 governs joinder of necessary and indispensable parties.[4] Rule 19(a) provides guidance for determining whether a party is necessary and should therefore be joined in the action. *Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs. .*, 844 F.2d 1050, 1053 (3d Cir.1988). If the party is necessary, then the court must join the party if feasible. *Id.* at 1053–54. However, if the party is not

---

1. Prior to issuing the insurance policy to Wheeler, Coregis required Wheeler to complete an application. A question posed in the application was:

 Is the applicant, its predecessor firms or any lawyer proposed for this insurance aware of any circumstance, act, error, omission or personal injury which might be expected to be the basis of a claim or suit?

 (*See* Document No. 7, Exh. C). Coregis contends that Wheeler violated a precondition to the insurance policy by answering "no" to this question.

2. This suit by Wheeler could not be commenced against Coregis, Wendler and Bertholon–Rowland in the United States District Court for the Eastern District of Pennsylvania since the inclusion of Wendler and Bertholon–Rowland would destroy this Court's subject matter jurisdiction in a diversity action pursuant to 28 U.S.C. § 1332.

3. Federal Rule of Civil Procedure 12(b)(7) provides for the dismissal of a complaint for failure to join a party under Rule 19. Fed.R.Civ.P. 12(b)(7).

4. Rule 19 provides, in pertinent part:

 (a) A person ... whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

 Fed.R.Civ.P. 19(a).

necessary, then the inquiry need go no further. *Id.* at 1054. Rule 19(b) governs the situation where a party is necessary and must be joined, but joinder cannot be effectuated, such as when subject matter jurisdiction would be destroyed.[5] *Id.* Where joinder of a Rule 19(b) necessary party is not feasible, the court must decide whether the party is indispensable, and hence the action cannot proceed without that party. *Id.;*

### 4. *Analysis under FRCP 19*

■■■ Based on my review of the material facts, I conclude that neither Wendler nor Bertholon–Rowland qualify as necessary parties to this action under Rule 19(a). I find that complete relief can be accomplished in the pending case without the presence of Wendler and thus, Wendler is not a necessary party under Rule 19(a)(1). To meet the requirements of a necessary party under Rule 19(a)(2), the interest relating to the subject of the action must be legally protected, and must be more than a mere financial interest. *Continental Cas. Co. v. Diversified Industries, Inc.*, 884 F.Supp. 937, 944 (E.D.Pa. 1995); *Micheel v. Haralson*, 586 F.Supp. 169, 171 (E.D.Pa.1983). Wendler's interest in the pending action is merely financial, as it is based on the hypothetical event that she obtains a court judgment against Wheeler. If this were to occur and Wheeler did not have sufficient personal assets to satisfy such a judgment, Wendler would look to Coregis, as Wheeler's insurance company, to cover the payment of the judgment. Consequently, proceeding with this action in her absence will not result in substantive prejudice to Wendler, since her interest here is purely financial, and therefore, I find that she is not a necessary party under Rule 19(a)(2).

Bertholon–Rowland, as Wheeler's insurance broker, is not a necessary party to the pending federal action. Complete relief can be achieved in a coverage action without the presence of the insurance broker. *See Certain Underwriters at Lloyds, London v. Ross*, Civ. No. 98–1037, 1998 WL 372304, at *1–2 (E.D.Pa. June 17, 1998) (in an analogous case, the district court found that an insurance broker is not a necessary party, as complete resolution of the dispute could be accomplished in the absence of the broker as a party); *see also City of Harrisburg v. ISLIC*, 596 F.Supp. 954, 957 (M.D.Pa.1984) (finding that an insurance agent is not a necessary party to a coverage action, as complete relief could be achieved without the presence of the agent). Furthermore, there is no independent basis of liability against Bertholon–Rowland. Coregis filed suit against Wheeler on the grounds of prior knowledge of the malpractice claims by Wendler and rescission. Bertholon–Rowland claims no interest in the present case, and thus Rule 19(a)(2) is rendered irrelevant. *Hall v. Nat'l Serv. Indus., Inc.*, 172 F.R.D. 157, 160 (E.D.Pa.1997). Accordingly, I find that Bertholon–Rowland is not a necessary party under Rule 19(a);[6]

### 5. *Legal Standard for the Abstention Doctrine*

■■■ Abstention is a doctrine under which "a District Court may decline to exercise or postpone the exercise of its jurisdiction." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). However, the federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Id.* at 817, 96 S.Ct. 1236 (citing *England v. Medical Examiners*, 375 U.S. 411, 415, 84

5. In our case, Rule 19(b) is not at issue, as Wheeler himself concedes that subject matter jurisdiction would not be destroyed if Wendler and/or Bertholon–Rowland, both citizens of Pennsylvania, were joined in the pending action. (*See* Def. Mem. at 3).

6. Because Wendler and Bertholon–Rowland are not necessary parties to this lawsuit under Rule 19(a), I need not inquire further to find whether Wendler and Bertholon–Rowland are indispens-

able parties under Rule 19(b). *See Bank of Am. Nat'l Trust*, 844 F.2d at 1054. In his brief, Wheeler wrongly categorizes Rule 19(a) as pertaining to necessary *and* indispensable parties. I am baffled by Wheeler's repeated references to "indispensability" and Rule 19(b), while in the same breath he concedes that subject matter jurisdiction would not be destroyed if Wendler and Bertholon–Rowland were joined as parties. *See supra* footnotes 5.

S.Ct. 461, 11 L.Ed.2d 440 (1964)). Consequently, a district court should abstain from this obligation only in those "exceptional circumstances where ... repair to the State court would clearly serve an important countervailing interest." *Id.* at 813, 96 S.Ct. 1236 (citing *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959)). Hence, abstention from the exercise of federal jurisdiction is the exception, rather than the rule. *Id.;*

6. *Analysis under the Abstention Doctrine* [7]

 It is well-established that the "pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236; *see also Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir.1997). Consequently, the action in state court does not preclude this Court from deciding the pending federal court action. In addition, there is no countervailing interest which would be served by this Court's abstention and consequently, this Court is obliged to adjudicate this controversy properly before it.

Furthermore, the claims of the state court action differ from those pending in the federal suit. The state court suit involves issues of bad faith and negligence which are not part of the federal court action. Abstention is not justified when claims involved in a federal court case are distinct from those claims at issue in a state court case. *See Trent v. Dial Medical of Florida, Inc.*, 33 F.3d 217, 223 (3d Cir.1994); *University of Maryland v. Peat Marwick Main & Co.*, 923 F.2d 265, 269 (3d Cir.1991). Consequently, the doctrine of abstention is inapplicable to the pending case; accordingly

it is hereby **ORDERED** that the motion to dismiss is **DENIED**.

7. The state court dismissed the state action complaint on May 29, 1998. Wheeler argues that this state court order has no bearing on the pending action in federal court. Wheeler further contends that the state court was merely giving deference to this Court's decision on the motion to dismiss, and that Wheeler could re-file his

**IT IS FURTHER ORDERED** that the defendant shall file an answer no later than August 3, 1998.

complaint in state court if this Court grants the motion to dismiss. This argument is not persuasive. I find that the state court order dismissing the complaint renders the abstention doctrine argument moot. Nonetheless, I will proceed with an abstention analysis.