**SPRING–FORD AREA SCHOOL DISTRICT, et al., Plaintiffs,**

v.

**GENESIS INS. CO., et al., Defendants.**

**No. CIV. A. 00–4858.**

United States District Court,
E.D. Pennsylvania.

May 16, 2001.

David A. Gradwohl, Andrew W. Bonek-ember, Fox, Rothschild, O'Brien and Frankel, Lansdale, PA, for plaintiffs.

Gale White, Anthony L. Miscioscia, White & Williams, Philadelphia, PA, for Genesis Ins. Co., defendant.

Peter F. Rosenthal, Joseph G. Manta, Manta and Welge, Philadelphia, PA, Joseph G. Manta, Klett, Rooney, Lieber & Achorling, Philadelphia, PA, for Kempes, Inc., defendant.

## Memorandum and Order

YOHN, District Judge.

This is an action to determine the obligations of parties to an insurance policy. The plaintiffs, Spring–Ford Area School District ["SFASD"] and six of its employees,[1] brought this lawsuit in the Court of Common Pleas of Montgomery County, Pennsylvania against Genesis Insurance Company ["Genesis"], Genesis's claims adjuster, Kempes, Inc., ["Kempes"], special education student Kimberly Hoffman, and her parents, Stephen and Claire Hoffman [collectively "Hoffmans"].[2] Genesis and Kempes removed the case, claiming that complete diversity of citizenship existed between the plaintiffs and the defendants. See Notice of Removal (Doc. No. 1); Joinder by Def. Genesis Ins. Co. in Notice of Removal (Doc. No. 2). Pending before the court is the plaintiffs' motion to remand the case due to the notice of removal's failure to establish complete diversity of citizenship. See Mot. to Remand (Doc. No. 6). Because the nondiverse defendants, the Hoffmans, were fraudulently

joined, as that phrase has been defined, the court will deny the plaintiffs' motion to remand.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 13, 2000, the plaintiffs filed a declaratory judgment complaint in the Court of Common Pleas of Montgomery County, Pennsylvania. See State Court Compl. (Doc. No. 1, Ex. A). According to the complaint, Genesis issued SFASD a legal liability insurance policy for the period between July 1, 1999 and July 1, 2000. See id. ¶ 25. On January 4, 2000, SFASD and six of its employees were sued by the Hoffmans for failing to provide Kimberly Hoffman with a free appropriate public education. See id. ¶¶ 14–15. On March 2, 2000, SFASD notified Genesis about the Hoffmans' claims. See id. ¶ 17. Genesis failed to respond to the written notice or to provide a defense before SFASD had to respond to the Hoffmans' complaint. See id. ¶ 19. On June 29, 2000, Kempes notified SFASD that Genesis would not provide SFASD or its employees with a defense or indemnity against the Hoffmans' claims. See id. ¶ 23.

The plaintiffs' state court complaint includes three counts. In Count I, SFASD asks for a judgment declaring that Genesis and Kempes owe SFASD attorneys' fees and costs for a defense against the Hoffmans' federal lawsuit. See id. ¶¶ 35–45. In Count II, the individual plaintiffs ask for a judgment declaring that Genesis and

---

1. The individual plaintiffs are: John S. Grispon, the President of the Board of School Directors; Dr. Genevieve D. Coale, the Superintendent; Frank Musitano, the Supervisor of Secondary Special Education; Dr. Edmund Coombe, the Supervisor of Secondary Special Education; W. Edward Bureau, the former Assistant Superintendent; and Gretchen La-

vigne, a Special Education Teacher. See State Court Compl. (Doc. No. 1, Ex. A) ¶¶ 2–7. SFASD and these individual plaintiffs collectively will be referred to as the "plaintiffs."

2. Genesis, Kempes, and the Hoffmans collectively will be referred to as the "defendants."

Kempes owe the individual plaintiffs attorneys' fees and costs for a defense against the Hoffmans' federal action. *See id.* ¶¶ 46–52. Finally, in Count III, the plaintiffs claim that Genesis and Kempes acted in bad faith when they denied coverage and, pursuant to 42 Pa.C.S. 8371, the plaintiffs ask for an award of interest, punitive damages, costs, and attorneys' fees. *See id.* ¶¶ 53–61.

On September 25, 2000, Kempes submitted a notice of removal. *See* Notice of Removal. Kempes claims that this court has subject matter jurisdiction based on diversity of citizenship. *See id.* ¶ 13. Kempes acknowledges that the Hoffmans, like the plaintiffs, are citizens of Pennsylvania but Kempes claims that the Hoffmans' joinder was fraudulent because "the Hoffmans have no interest in the outcome of the present case and the plaintiffs have asserted no claim for relief against them." *See id.* ¶ 12. In the alternative, Kempes claims that, even if the Hoffmans do have an interest in this lawsuit, that interest is more closely aligned with those of the plaintiffs, and, therefore, the Hoffmans should be realigned as plaintiffs. *See id.* On September 27, 2000, Genesis filed a joinder in notice of removal. *See* Joinder by Def. Genesis Ins. Co. in Notice of Removal.

## STANDARD OF REVIEW

■■■ Removal of a case from state court to federal court is governed by 28 U.S.C. §§ 1441–1452. Pursuant to 28 U.S.C. § 1441, a case may be removed if the diversity of citizenship and amount in controversy requirements of 28 U.S.C. § 1332 are met. The burden of establishing removal jurisdiction is borne by the defendant, and failure to meet this burden results in remand of the removed case. *See McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189, 56

S.Ct. 780, 80 L.Ed. 1135 (1936); *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 359 (3d Cir.1995); *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985). The defendant must demonstrate that removal is proper based on the allegations in the complaint and the notice of removal. *See, e.g., Kerstetter v. Ohio Cas. Ins. Co.,* 496 F.Supp. 1305, 1306–07 (E.D.Pa.1980). In determining whether a defendant has established removal jurisdiction, the Third Circuit has cautioned that "the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987).

■■■ The existence of a fraudulently joined party may be disregarded for purposes of determining diversity jurisdiction. *See id.* A party has been fraudulently joined " 'when there is no reasonable basis in fact or colorable ground supporting the claim against the joined [non-diverse] defendant, or no real intention in good faith to prosecute the action against the defendant.' " *Abels,* 770 F.2d at 32 (quoting *Goldberg v. CPC Int'l, Inc.,* 495 F.Supp. 233, 239 (N.D.Cal.1980)). Although "federal law applies to the question of fraudulent joinder, the ultimate question is whether there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved." 16 James Wm. Moore et al., Moore's Federal Practice ¶ 107.14[2][c][iv][C] (3d ed.1997). In particular, "joinder may be considered fraudulent if the plaintiff has failed to state a cause of action against the nondiverse defendant." *Selvaggi v. Prudential Prop. and Cas. Ins. Co.,* 871 F.Supp. 815, 818 (E.D.Pa.1995)(citing *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111–12 (3d Cir. 1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991)). However, the removing party bears a "heavy burden

of persuasion" in demonstrating that a party has been fraudulently joined. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992).

In determining whether a nondiverse defendant has been fraudulently joined, all contested facts and all uncertainties as to the current state of the applicable substantive law must be resolved in the plaintiff's favor. *See id.* at 851–52. Furthermore, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111. Thus, in evaluating a claim of fraudulent joinder, the court must (1) "focus on the plaintiff's complaint at the time the petition for removal was filed"; (2) "assume as true all factual allegations of the complaint"; and (3) "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Batoff*, 977 F.2d at 851–52 (quotations omitted).

If the court finds that the nondiverse party was not fraudulently joined, diversity jurisdiction may still exist if the nondiverse party should be realigned. In order to determine whether parties should be realigned, the Third Circuit employs a "principal purpose" or "primary issue" test. *See Ackerman v. Hook*, 183 F.2d 11, 14–15 (3d Cir.1950). Under the "principal purpose" or "primary issue" test, "a court must first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over that issue." *DiLoreto v. CNA Ins. Co.*, No. CIV. A. 98–3488, 1998 WL 962024, at *2 (E.D.Pa. Dec.18, 1998)(citing *Ackerman*, 183 F.2d at 14–15).

## DISCUSSION

In their motion to remand, the plaintiffs contend that the non-diverse defendants, the Hoffmans, were not fraudulently joined and that, instead, they are indispensable parties to the action under both the Pennsylvania Declaratory Judgment Act, 42 Pa.C.S. § 7540(a), and Fed. R.Civ.P. 19. *See* Mem. of Law in Support of Pls.' Mot. to Remand at 3–4 (Doc. No. 6); Reply Mem. of Law in Support of Pls.' Mot. to Remand at 3–4 (Doc. No. 11). Furthermore, the plaintiffs maintain that the Hoffmans should not be realigned as plaintiffs because the Hoffmans' interests are adverse to those of the plaintiffs. *See* Mem. of Law in Support of Pls.' Mot. to Remand at 4–7. Therefore, the plaintiffs claim that this case should be remanded to the Court of Common Pleas of Montgomery County, Pennsylvania because this court does not have federal question or diversity jurisdiction. *See* Mot. to Remand ¶¶ 5–6.

### I. Fraudulent Joinder

In its notice of removal, Kempes contends that the Hoffmans were fraudulently joined, and, therefore, the court should disregard the Hoffmans' citizenship in determining whether diversity jurisdiction exists. *See* Notice of Removal ¶ 12. As noted above, to show that the Hoffmans were fraudulently joined, the burden is on Genesis and Kempes to prove that "there is no reasonable basis in fact or colorable ground" supporting the plaintiffs' claim against the Hoffmans. Kempes and Genesis assert that the plaintiffs' complaint does not set forth a cause of action against the Hoffmans. *See* Br. of Kempes, Inc. in Opp'n to Pls.' Mot. to Remand at 2–4 (Doc. No. 8); Genesis Ins. Co.'s Mem. of Law in Opp'n to Pls.' Mot. to Remand at 4–5 (Doc. No. 10). In particular, Genesis and Kempes point out that the complaint fails to assert a claim against or seek any relief

from the Hoffmans. *See* Br. of Kempes, Inc. in Opp'n to Pls.' Mot. to Remand at 3; Genesis Ins. Co.'s Mem. of Law in Opp'n to Pls.' Mot. to Remand at 5.

The state court complaint includes three counts and it is clear that none of these counts states a cause of action under Pennsylvania law against the Hoffmans. In Count I, SFASD asks for a judgment declaring that Genesis and Kempes owe SFASD attorneys' fees and costs for a defense against the Hoffmans' federal lawsuit. *See* State Court Compl. ¶¶ 35–45. In Count II, the individual plaintiffs ask for a judgment declaring that Genesis and Kempes owe the individual plaintiffs attorneys' fees and costs for a defense against the Hoffmans' federal action. *See id.* ¶¶ 46–52. Finally, in Count III, the plaintiffs claim that Genesis and Kempes acted in bad faith when they denied coverage and, pursuant to 42 Pa.C.S. 8371, plaintiffs ask for an award of interest, punitive damages, costs, and attorneys' fees. *See id.* ¶¶ 53–61. Because none of these claims names the Hoffmans or seeks any relief from them and, furthermore, the complaint does not make any allegations against the Hoffmans whatsoever, it is clear that there is no possibility "that a state court would find that the complaint states a cause of action against" the Hoffmans.

In response, the plaintiffs argue that, under Pennsylvania law, the Hoffmans are indispensable parties to the declaratory judgment claim, and, therefore, the court may not disregard the Hoffmans' citizenship in determining whether diversity jurisdiction exists. *See* Mem. of Law in Support of Pls.' Mot. to Remand at 3–4 (citing Pennsylvania Declaratory Judgment Act, 42 Pa.C.S. § 7540(a); *Vale Chem. Co. v. Hartford Accident and Indem. Co.,* 512 Pa. 290, 516 A.2d 684, 686 (1986)). In the alternative, the plaintiffs claim that the Hoffmans are indispensable parties under Fed.R.Civ.P. 19. *See* Reply Mem. of Law in Support of Pls.' Mot. to Remand at 3–4.

Neither of the plaintiffs' arguments is persuasive. First, the plaintiffs rely on *Vale* to support their assertion that, the Hoffmans are indispensable parties under Pennsylvania law. In *Vale,* an insured party brought a declaratory judgment action against its insurer to determine whether the insurer was required "to defend [the insured party] and indemnify it" against a third party claim. *Vale,* 516 A.2d at 685. The Pennsylania Supreme Court dismissed the case for lack of subject matter jurisdiction because the third party claimant, an indispensable party under the Pennsylvania Declaratory Judgment Act, had not been joined as a party. *See id.* at 688. In deciding that the third party claimant was an indispensable party, the Pennsylvania Supreme Court focused on the interests the third party claimant had in the declaratory judgment action. *See id.* at 686–88. In particular, because the insured party was seeking indemnity, the Pennsylvania Supreme Court noted that the third party claimant had an interest "in seeing that an insurance company pays the judgment against its insured." *Id.* at 686–87.

However, the case currently before the court is distinguishable from *Vale,* because the plaintiffs in this case are not seeking indemnification, and, therefore, the interests of the Hoffmans in the current lawsuit are significantly different from those of the claimant in *Vale.* And, ultimately, it is a party's interest in a declaratory judgment action that is significant under the Pennsylvania Declaratory Judgment Act. *See* 42 Pa.C.S. 7540(a)("When declaratory relief is sought, all persons shall be made parties who have or claim *any interest which would be affected by the declaration,* and no declaration shall prejudice the rights of persons not parties to the proceed-

ing.")(emphasis added); *Vale,* 516 A.2d at 687 (finding that a third party claimant was an indispensable party because "[n]o adequate reason has been advanced for us to ignore the statutory requirement that all interested parties shall be joined before a declaratory judgment can issue.").

In their motion to remand, the plaintiffs claim that, "[i]n this action, Plaintiffs seek a declaratory judgment that the insurance policy issued by Defendant, Genesis, through and by Defendant, Kempes, provides coverage for a defense *and indemnity for attorneys' fees to the Plaintiffs* for some or all of the claims raised in the pre-existing action in this District." Mot. to Remand ¶ 4 (emphasis added). *See* Reply Mem. of Law in Support of Pls.' Mot. to Remand at 3 n.1 ("In this case, the Plaintiffs are actually seeking indemnification anyway. The attorneys' fees recoverable in this action are not limited to the Plaintiffs' counsel. In cases arising under IDEA, a successful plaintiff can recover attorneys' fees from the defendants. The Genesis Policy's coverage includes such an award. Therefore, the Policy would provide some indemnification for damages that could be awarded to the Hoffmans in the nature of attorney's fees."). However, Genesis contends that "Spring–Ford's Complaint seeks only a declaration concerning defense, not indemnity." Genesis Ins. Co.'s Mem. of Law in Opp'n to Pls.' Mot. to Remand at 4. *See* Br. of Kempes, Inc. in Opp'n to Pls.' Mot. to Remand at 4 n.1 ("While plaintiffs' Motion to Remand belatedly states that the complaint also seeks a declaratory judgment on indemnity, the complaint in fact does not include such a claim.").

■  As noted above, in evaluating a claim of fraudulent joinder, the court must "focus on the plaintiff's complaint at the time the petition for removal was filed." *Batoff,* 977 F.2d at 851–52. A close exami-

nation of the plaintiffs' complaint makes it clear that, at the time the notice of removal was filed, the plaintiffs were not seeking a declaratory judgment on the indemnity issue. *See* State Court Compl. ¶ 45a (asking for a judgment against Genesis and Kempes for "SFASD attorneys' fees and costs *for a defense* for the claims first made in the Hoffman Complaint.")(emphasis added); ¶ 45b (requesting "[p]ayment by Genesis and Kempes of *SFASD's* attorneys' fees and costs . . . .")(emphasis added); ¶ 46a (demanding a judgment against Genesis and Kempes for "Individual Plaintiffs attorneys' fees and costs *for a defense* for the claims first made in the Hoffman Complaint.")(emphasis added); ¶ 46b (requesting "[p]ayment by Genesis and Kempes of *Individual Plaintiffs'* attorneys' fees and costs . . . .")(emphasis added). Therefore, at the time the notice of removal was filed, the Hoffmans' interests in this case were significantly different from those of the claimant in *Vale,* where indemnity was clearly at issue. Therefore, the Hoffmans are not indispensable parties under *Vale.*

■  More important, after removal, a party's indispensability is a question of federal law. *See Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 125 n. 22, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Shetter v. Amerada Hess Corp.,* 14 F.3d 934, 938 (3d Cir.1994); *Zurich Ins. Co. v. Health Sys. Integration, Inc.,* No. Civ. A. 97–4994, 1998 WL 126920, at *3 (E.D.Pa. March 19, 1998); *Continental Cas. Co. v. Diversified Ind., Inc.,* 884 F.Supp. 937, 943 (E.D.Pa.1995). As a result, Fed.R.Civ.P. 19 governs my determination of whether the Hoffmans are indispensable parties. Pennsylvania law is only relevant to the extent that it defines the legal interests that the Hoffmans may have in this action. *See Shetter,* 14 F.3d at

937–38; *Continental Cas. Co.*, 884 F.Supp. at 943 n. 2.

Under Fed.R.Civ.P. 19, the threshold inquiry is whether the party is "necessary" to the proceedings. *See Scott Paper Co. v. National Cas. Co.*, 151 F.R.D. 577, 578–79 (E.D.Pa.1993). A party is "necessary" if:

(1) in the person's absence complete relief cannot be accorded among those already parties, or

(2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may

(i) as a practical matter impair or impede the person's ability to protect that interest or

(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). If a court does not find that a party is "necessary" to the proceedings, the party is, by definition, not "indispensable" to the action. *See* Fed. R.Civ.P. 19; *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir.1993). However, if the court finds that a party is "necessary" but that joinder is "not feasible," the court must then consider whether the absent party is "indispensable" to the proceedings. *See* Fed.R.Civ.P. 19(b).

The Hoffmans are not a "necessary" party to these proceedings under either Rule 19(a)(1) or 19(a)(2). First, because the complaint does state any allegations or make any claims against the Hoffmans, it is clear that complete relief can be granted in their absence. Therefore, the Hoffmans are not necessary parties under Fed.R.Civ.P. 19(a)(1).

Second, the Hoffmans do not have "an interest relating to the subject of the action." Under Fed.R.Civ.P. 19(a)(2), a party is only "necessary" if it has a legally protected interest, and not merely a financial interest, in the action. *See Coregis Ins. Co. v. Wheeler*, 180 F.R.D. 280, 283 (E.D.Pa.1998)(citing *Continental Cas. Co.*, 884 F.Supp. at 944; *Micheel v. Haralson*, 586 F.Supp. 169, 171 (E.D.Pa. 1983)). The plaintiffs appear to be claiming that the Hoffmans have "an interest relating to the subject of the action" because this case stems in part from the same factual dispute as the Hoffmans' federal lawsuit. *See* Mem. of Law in Support of Pls.' Mot. to Remand at 5. Although the two cases do share a subset of facts, that is only relevant if the resolution of this lawsuit could preclude issues or serve as a negative precedent for the Hoffmans in the underlying action. *See Scott Paper Co. v. National Cas. Co.*, 151 F.R.D. at 579. As noted above, in the underlying lawsuit, the Hoffmans claim that the plaintiffs denied Kimberly Hoffman a free appropriate public education. In the action currently before the court, the plaintiffs are asking for a judgment declaring that Genesis and Kempes owe the plaintiffs attorneys' fees and costs for a defense against the Hoffmans' federal lawsuit. " 'Under Pennsylvania law, an insurer has a duty to defend if the complaint [against the insured] alleges facts that support recovery within the policy.' " *Id.* (quoting *Terra Nova Ins. Co., Ltd. v. 900 Bar, Inc.*, 887 F.2d 1213, 1216 (3d Cir.1989)). Because this lawsuit involves a different burden of proof than the claims in the Hoffmans' federal action, the Hoffmans do not have a legal interest in this case. *See id.* (citing *In re Braen*, 900 F.2d 621, 624 (3d Cir.1990)("[D]isparate burdens of proof foreclose application of the issue of preclusion doctrine.")).

The only other potential interest the Hoffmans have in this case is the impact its resolution may have on the amount of money the plaintiffs will be able to spend on their defense of the underlying action. However, as noted above, a party is only "necessary" if it has a legally protected interest, and not merely a financial interest, in the action.

As explained above, because the Hoffmans are not "necessary" parties, they are, by definition, not "indispensable" parties under Fed.R.Civ.P. 19.

■ Therefore, because the plaintiffs failed to state a cause of action against the Hoffmans, and the Hoffmans are not indispensable parties to this action, I conclude that the Hoffmans were fraudulently joined[3] in the state court litigation.[4] Accordingly, removal of this case to federal court was proper and the motion to remand will be denied.

## II.   Realignment

Because I have found that the Hoffmans were fraudulently joined, I will not address the question of whether their interests are more closely aligned with those of the plaintiffs or Kempes and Genesis.

## CONCLUSION

The court concludes that the complaint states no colorable claim against the Hoffmans, and, therefore, the Hoffmans were fraudulently joined as defendants. Thus diversity jurisdiction exists, and I will deny the plaintiff's motion to remand this case.

Having concluded that the plaintiffs' complaint was unable to satisfy a less onerous standard of pleading than that required by Fed.R.Civ.P. 12(b)(6), I will also dismiss all claims against the Hoffmans. *See Batoff,* 977 F.2d at 852.

An appropriate order follows.

### *Order*

And now, this day of May, 2001, upon consideration of the plaintiffs' motion to remand (Doc. No. 6), the defendants' responses thereto (Docs. No. 8 & 10), and the plaintiffs' reply thereto (Doc. No. 11), IT IS HEREBY ORDERED that the plaintiffs' motion to remand is DENIED. It is further ordered that the plaintiffs' claims against the Hoffmans are DISMISSED and Stephen Hoffman, Claire Hoffman, and Kimberly Hoffman are DISMISSED as parties to this action.

**3.**  As should be clear from the above analysis, a finding of "fraudulent joinder" does not require or imply a showing of "fraud" as the term is generally understood. *See Selvaggi,* 871 F.Supp. at 818; *Cook v. Pep Boys—Mannie, Moe & Jack, Inc.,* 641 F.Supp. 43, 46 (E.D.Pa.1985).

**4.**  Because I have found that the Hoffmans have no "real interest" in this case, if I had not concluded that the Hoffmans were fraudulently joined, I would have concluded that they were a nominal or formal party. *See Bumberger v. Insurance Co. of N. Am.,* 952 F.2d 764, 767 (3d Cir.1991)("Nominal parties are generally those without a real interest in the litigation."). Therefore, even if I had not concluded that the Hoffmans were fraudulently joined, I still would have disregarded the Hoffmans for the purpose of determining whether diversity jurisdiction exists. *See id.* (" '[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.' ")(quoting *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980)).