**MALLALIEU–GOLDER INSURANCE AGENCY, INC., Plaintiff**

v.

**EXECUTIVE RISK INDEMNITY, INC., and Premium Finance Trust Investors Fund, Defendants**

No. 4:CV–02–1934.

United States District Court, M.D. Pennsylvania.

April 1, 2003.

Bruce E. Rende, Dennis St. J. Mulvihill, Thomas V. Gebler, Jr., Robb, Leonard & Mulvihill, Pittsburgh, PA, for plaintiff.

Joseph F. Orso, III, Casale & Bonner, P.C., Williamsport, PA, for defendants.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND:

On October 2, 2002, plaintiff Mallalieu–Golder Insurance Agency, Inc. (Mallalieu) filed an action for declaratory judgment against Executive Risk Indemnity, Inc. (Executive Risk) and Premium Finance Trust Investors Fund (Investors Fund) in the Lycoming County, Pennsylvania, Court of Common Pleas. Mallalieu seeks indemnification from Executive Risk, its insurance carrier, from a suit filed in Lycoming County against it and Premium Finance

Trust, a wholly-owned subsidiary of Mallalieu, by Investors Fund. Investors Fund consists of individuals who invested in Premium Finance Trust; the investors have been certified as a class in the pending state court action against Mallalieu and Premium Finance Trust. By notice of removal filed October 28, 2002, Executive Risk removed the declaratory judgment action to this court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441.

Before the court is Mallalieu's motion to remand. Mallalieu argues that the court lacks jurisdiction over the subject matter because both it and Investors Fund are citizens of the Commonwealth of Pennsylvania and, as such, there is no complete diversity among the parties. Mallalieu further argues that because Investors Fund is a citizen of the forum state, removal of the instant action is prohibited by 28 U.S.C. § 1441(b). Executive Finance responds that (1) Investors Fund is a fraudulently joined party and the court should therefore disregard its citizenship when determining diversity; (2) if not fraudulently joined, Investors Fund is a nominal or formal party, and the court must disregard its citizenship when determining diversity; and (3) in the alternative, the court should realign Investors Fund as a party plaintiff, thus maintaining diversity.

■ In its motion, Mallalieu contends that all defendants served in the declaratory action have not joined or consented to the notice of removal, and the declaratory action is part of the state court class action pending in the Lycoming County Court of Common Pleas. Although Mallalieu has not addressed these arguments in its brief in support of its motion to remand we note

first that because we find that Investors Trust is a nominal party to the declaratory judgment action, it need not consent to Executive Risk's notice of removal. *See Balazik v. County of Dauphin,* 44 F.3d 209, 213 n. 4 (3d Cir.1995). We further note that the instant action is completely separate from the state court action by Investors Trust against Mallalieu and that we therefore may exercise jurisdiction. Mallalieu's motion will be denied.

## DISCUSSION:

### I. DIVERSITY

■ We note at the outset that when removing a case to federal court, the removing party bears the burden of establishing federal jurisdiction. *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990). We further note that we are required to construe strictly the removal statutes against removal and to resolve all doubts in favor of remand. *Id.* (citations omitted). In general, a defendant may remove to federal court any civil action brought in state court where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a)(1), 1441(a).

It is undisputed that the amount in controversy in the instant case exceeds $75,000. (Not. Rem., Rec. Doc. No. 1 at ¶ 11.) We therefore focus our initial analysis upon the citizenship of the parties.

Mallalieu is a Pennsylvania corporation which maintains its principal place of business in Pennsylvania; it is thus a citizen of the Commonwealth of Pennsylvania. Investors Fund is also a citizen of the Commonwealth of Pennsylvania.[1] Executive

---

1. Mallalieu identifies Investors Fund as both a business organization which maintains its principal place of business in Pennsylvania and an unincorporated association with at least one member who is a citizen of Pennsyl-

vania. Because Investors Fund is a Pennsylvania citizen in either case, we make no finding as to its status as a business organization or an unincorporated association at this time.

Risk is a Delaware Corporation which maintains its principal place of business in New Jersey; it is thus a citizen of Delaware and New Jersey. 28 U.S.C. § 1332(c)(1). Inasmuch as all defendants are required to have diverse citizenship from all plaintiffs, *See Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941), Mallalieu maintains that because both it and Investors Fund are Pennsylvania citizens, we are without jurisdiction over the instant action. In response, Executive Risk argues that (1) Investors Fund is a fraudulently joined party and the court should therefore disregard its citizenship when determining diversity; (2) if not fraudulently joined, Investors Fund is a nominal or formal party, and the court must disregard its citizenship when determining diversity; and (3) in the alternative, the court should realign Investors Fund as a party plaintiff, thus maintaining diversity. We address each argument below.

## A. FRAUDULENTLY JOINED

Executive Finance asserts first that Mallalieu joined Investors Fund as a defendant solely in a fraudulent attempt to defeat diversity jurisdiction. In support of its argument, Executive Finance points out that Mallalieu has asserted no claims against Investors Fund and therefore has no chance of success against it. While we agree that Mallalieu has asserted no claims against Investors Fund, we find that Investors Fund is not a fraudulently joined party.

■ The Third Circuit has explained that "[j]oinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir.1992) (internal quotation marks and citation omitted). Because

Mallalieu has asserted no claim against Investors Fund, we need not examine whether there is a basis in fact or a colorable ground to support a claim against it. However, we may examine whether Mallalieu possessed a real intention in good faith when it joined Investors Fund as a defendant. We find that it did.

The Pennsylvania Declaratory Judgment Act prescribes that when seeking declaratory relief, "all persons shall be made parties who have or claim any interest which would be affected by the declaration...." 42 PA. CONS.STAT. ANN. § 7540. In *Vale Chem. Co. v. Hartford Accident and Indem. Co.,* 512 Pa. 290, 516 A.2d 684 (1986), the Supreme Court of Pennsylvania found that an injured plaintiff in a tort case has "an interest in seeing that an insurance company pays the judgment against its insured." *Vale,* 516 A.2d at 686–87. The Court therefore held that an injured plaintiff is a required party under the Pennsylvania Declaratory Judgment Act. *See id.* at 687–88.

The position of Investors Fund in its pending action against Mallalieu is analogous to that of an injured plaintiff in a tort case; Investors Fund certainly has an interest in seeing that Executive Risk pays any judgment against Mallalieu. It follows, then, that Mallalieu was required to join Investors Fund as a party to the instant action under the Pennsylvania Declaratory Judgment Act. Accordingly, we find that Investors Fund is not a fraudulently joined party.

## B. NOMINAL PARTY

Executive Risk next argues that Investors Fund is a nominal or formal party, and that we must disregard its citizenship when determining diversity. We agree.

■ A nominal party is one that is "neither necessary nor indispensable to

join in the action." *Farias v. Bexar County Bd. of Trs.*, 925 F.2d 866, 871 (5th Cir. 1991). After removal, whether a party is indispensable is a question of federal law. *See Shetter v. Amerada Hess Corp.*, 14 F.3d 934, 938 (3d Cir.1994). Therefore, we look to Federal Rule of Civil Procedure 19 to determine whether Investors Trust is indispensable. A party is "necessary" if:

(1) in the person's absence complete relief cannot be accorded among those already parties, or

(2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may

(i) as a practical matter impair or impede the person's ability to protect that interest or

(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a). If a court finds that a party is not "necessary" to the proceedings, the party is, by definition, not "indispensable" to the action. *See id.; see also Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993); *Spring–Ford Area Sch. Dist. v. Genesis Ins. Co.*, 158 F.Supp.2d 476, 483 (E.D.Pa.2001).

■ Because Mallalieu makes no claims against Investors Fund, it is clear that complete relief can be granted in its absence. Therefore, Investors Fund is not a necessary party under Federal Rule of Civil Procedure 19(a)(1). *See Spring–Ford*, 158 F.Supp.2d at 483.

■ As explained above, the reason that Mallalieu joined Investors Fund as a party in the instant action is that it was required to do so under the Pennsylvania Declaratory Judgment Act. Under Pennsylvania law, a tort claimant is not a third-party beneficiary of an insurance contract between a tortfeasor and its insurer. That is, absent a permissive statute or policy provision, a tort claimant cannot maintain a direct action against the insurance company. *See Bolender v. Farm Bureau Mut. Ins. Co.*, 474 F.2d 1360, 1362 n. 3 (3d Cir.1973). Therefore, while it is true that, under the Pennsylvania Declaratory Judgment Act, Investors Fund has an interest in seeing that Executive Risk pays any judgment against Mallalieu, the interest is not legally protected. Accordingly, we find that Investors Fund does not have an interest relating to the subject of the action under Federal Rule of Civil Procedure 19(a)(2) and that it is therefore a nominal party to the instant action. *See Spring–Ford*, 158 F.Supp.2d at 484 (explaining that "a party is only 'necessary' if it has a legally protected interest, and not merely a financial interest, in the action").

■ Inasmuch as "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy," *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir.1991) (citation omitted), we disregard Investors Fund and find that there is complete diversity between Mallalieu and Executive Risk, the real parties to the instant controversy.

## C. REALIGNMENT OF PARTIES

Executive Risk's final argument addressing diversity is that we should realign Investors Fund as a party plaintiff. We agree that it is proper for a court, in determining whether there is complete diversity among the parties to a dispute, to "look beyond the pleadings and arrange the parties according to their sides in the dispute," *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir.1990). Because we have found that Investors Fund is a nominal party and that we will therefore ignore it when de-

termining diversity, however, we find it unnecessary to realign the parties in the instant action.

## II. PROPRIETY OF REMOVAL

█ We turn now to the issue of whether, despite the fact that there is complete diversity among the parties, removal of the instant action is nonetheless defective such that we must remand. Under 28 U.S.C. § 1441(b), an action in which the parties are citizens of different states "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Although Investors Trust, which was properly joined and served as a defendant, is a citizen of the Commonwealth of Pennsylvania, we find that because it is not a "party in interest," the instant action is nonetheless removable.

"An irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court." *Korea Exch. Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir.1995). It is clear that because there is diversity of citizenship between the parties and the amount in controversy is in excess of $75,000, the instant case could have been filed originally in federal court. *See* 28 U.S.C. § 1332. It follows that, although the removal of the instant matter may have been "irregular," the irregularity was not jurisdictional.

Moreover, the Third Circuit has found that removal of a case on diversity grounds where the removing defendant is a citizen of the forum state "while error, is not a 'jurisdictional' defect, [but] a 'defect in removal procedure' which can be waived." *Korea Exch. Bank*, 66 F.3d at 50. Because removal that is not in compliance with § 1441(b) does not deprive a federal court of subject matter jurisdiction, the defect in removal procedure must be the subject of a motion to remand. *See id.* at 50–51. In its brief in support of its motion for remand, Mallalieu recites § 1441(b) in its entirety, maintaining that "it is the position of the Plaintiff that one of the Defendants, Premium Finance[,] is a business organization with its principal place of business ... in Pennsylvania." (Pl.'s Br. Supp. Mot. Remand, Rec. Doc. No. 6, at 2.) Accordingly, we find that, inasmuch as the removal procedure in this case is a subject of Mallalieu's motion to remand, Mallalieu has not waived the argument of a defect in removal procedure. We also find, however, that Investors Fund is not a "party in interest" to the instant action, and that the action is therefore removable.

We are aware of no jurisprudential authority that focuses on the "party in interest" language of § 1441(b). We believe, however, that it would be inconsistent for us to find that Investors Fund is a nominal party for a jurisdictional purpose, *i.e.*, the determination of whether the parties in this action are diverse from each other, and that it is a "party in interest" for a non-jurisdictional purpose, *i.e.*, the determination of whether the action is removable under § 1441(b). Accordingly, we hold that a nominal party to an action such as Investors Fund cannot be a party in interest under 28 U.S.C. § 1441(b). Mallalieu's motion for remand will therefore be denied.

## CONCLUSION:

Because Investors Fund is a nominal party to the instant action, we are required to disregard it and rest jurisdiction only upon the citizenship of Mallalieu, a citizen of the Commonwealth of Pennsylvania, and Executive Risk, a citizen of Delaware and New Jersey. Inasmuch as there is complete diversity between the parties and removal is not prohibited under 28 U.S.C. § 1441(b) because Investors Fund is not a

"party in interest" to the action, Mallalieu's motion for remand will be denied.

An order will issue consistent with this memorandum.

### ORDER

For the reasons set forth in the accompanying memorandum,

**IT IS ORDERED THAT:**

1.  Plaintiff Mallalieu–Golder Insurance Agency, Inc.'s motion to remand (Rec.Doc. No. 5) is denied.

2.  The initial case management conference will be rescheduled by separate order.