**Pepper Construction Co. of Indiana, LLC v. Travelers Indemnity Co. of Conn.**

558

*Krista Kochosky,* for plaintiff.

*Paul R. Walker, Daniel P. McDyer,* and *Adam M. Barnes,* for defendants.

FRIEDMAN, *J.,* March 31, 2011—Defendants have filed various preliminary objections to plaintiff's complaint, which concerns insurance coverage for

plaintiff's involvement in a serious construction accident that resulted in plaintiff being sued by two injured workmen. Plaintiff seeks declaratory judgment relief regarding coverage for the construction site accident and has also included a claim for insurance bad faith. At first, defendant Travelers denied having any duty to defend but later recognized that duty. Travelers now has paid the expenses plaintiff incurred until Travelers supplied plaintiff counsel under the policy. However, Travelers has reserved its right not to indemnify plaintiff in the event a verdict is entered against plaintiff in the underlying suit.

Plaintiff's complaint consists of seven counts as follows:

Count I    Breach of Contract, plaintiff vs. Travelers.

Count II    Statutory Bad Faith, plaintiff vs. Travelers

Count III    Breach of Contract, Article 9 [of the Pepper/Waltco Subcontract], plaintiff v. Waltco

Count IV    Breach of Contract, Article 10 [of the Pepper/Waltco subcontract], plaintiff v. Waltco

Count V    Negligence, plaintiff vs. Sky Insurance, Inc.

Count VI    Breach of Fiduciary Duty, plaintiff vs. Sky Insurance, Inc.

Count VII    Vicarious Liability, plaintiff vs. Traveler (on the theory that Sky was Travelers' agent)

According to the complaint, Waltco was Pepper's subcontractor; Sky was Waltco's insurance agent; Waltco purchased general liability insurance from Travelers and

named Pepper as an additional insured under that policy. Two persons were injured at the work site and brought actions against Pepper and others. Pepper claims Travelers should indemnify it in full for any award against it in the underlying cases in addition to providing a defense. Pepper also claims that Waltco has a similar obligation under the Pepper/Waltco subcontract. Lastly, Pepper claims that Sky failed to procure appropriate insurance for Pepper as required by the Pepper/Waltco subcontract.

The gist of the preliminary objections of the various defendants is as follows, with the court's thoughts as to each in parentheses:

## PRELIMINARY OBJECTIONS OF THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

(1) Since Travelers has now retained legal counsel to represent plaintiff in the underlying actions, and has also now reimbursed plaintiff for its legal costs prior to having assumed the defense, any claim based on the duty to defend is moot and should be dismissed. (We agree.)

(2) As to the demand for Travelers to pay for counsel of plaintiff's choice, that would be a matter for reimbursement later because plaintiff already has its chosen counsel sitting in on all the proceedings in the underlying actions. (Issue raised is deferred for subsequent motion as discussed later herein.)

(3) As to the claims based on indemnity, those are "contingent, not ripe for adjudication and should be stayed." (We agree the dollar amount of indemnification is not ripe, but we cannot say at this stage that liability is

not yet ripe.)

(4) Lastly, the parties to the underlying actions must be joined herein as they are indispensable parties, without whom the court lacks jurisdiction. (We agree.)

PRELIMINARY OBJECTIONS OF WALTCO, INC.:

(1) The claim regarding the duty to defend is moot since Travelers is providing a defense. (However, if Travelers at some point no longer has the duty to defend because it becomes clear that Waltco provided the wrong insurance coverage for Pepper, the question then becomes whether or not Waltco should then have to take up the cost of defending plaintiff.)

(2) The indemnity claim is not ripe as there has been no judgment entered yet against Pepper in the underlying case. (See comment above re similar preliminary objections of travelers.)

(3) The claims based on the possible inadequacy of the insurance procured is not yet known, so such claims are premature. (We agree.)

PRELIMINARY OBJECTIONS OF SKY INSURANCE, INC.

(1) The statute of limitations bars the two claims against Sky for negligence and breach of fiduciary duty. (For answer and new matter.)

(2) The claims for indemnification are not ripe and should be dismissed or stayed. (See comments re Travelers' similar preliminary objections.)

DISCUSSION

We already noted during argument that the jurisdictional paragraph (5) of the complaint needs to be amended to reflect that the case is no longer in federal court. The question is whether any other portions of the complaint must be removed or amended.

The most important question is whether or not this court lacks jurisdiction because plaintiff has not joined certain indispensable parties, those who are plaintiffs in the underlying actions as well as any defendants therein (other than Pepper and Waltco). The captions of the underlying cases are as follows:

Nicholas Barney

vs.

Pepper Construction Group, LLC, a corporation, Pepper Construction Co.,

a corporation, The Pepper Companies, Inc., a corporation, Pepper Construction

Co. of Indiana, LLC, a corporation, and Waltco, Inc., a corporation

vs.

Jan Skowvron, individually and t/d/b/a Southwest Crane Rental, and

L&J Erection, Inc.

Brian Wright and Ashley Wright, his wife

vs.

Pepper Construction Group, LLC, a corporation, Pepper Construction Co.,

a corporation, The Pepper Companies, Inc., a corporation, Pepper Construction

Co. of Indiana, LLC, a corporation, and Waltco, Inc., a corporation

vs.

Jan Skowvron, individually and t/d/b/a Southwest Crane Rental, and

L&J Erection, Inc.

Consolidated at GD 09-16289

The provision of the Declaratory Judgments Act dealing with parties is 42 Pa. C.S.A. §7540(a), which provides as follows:

(a) General rule.--When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party and shall be entitled to be heard.

See also *Vale Chemical Co. v. Hartford Accident and Indemnity Co.*, 512 Pa. 290, 516 A.2d 684 (1986), and *Mine Safety Appliances Co. v. Century Indemnity Co.*, 2 Pa. D. & C. 5th 142 (Allegheny Co. 2007). Based on those cases and the principles set forth therein, we conclude that we do not have jurisdiction because the central question here will be Travelers' or Waltco's duty to indemnify Pepper, i.e. to pay Pepper whatever it may be required to pay in the underlying cases. Therefore, those plaintiffs as well as

defendants and additional defendants may very well have a right to be heard here.

The Honorable R. Stanton Wettick, Jr., now a Senior Judge of this court, discussed Vale and its meaning in his opinion in *Mine Safety*. *Mine Safety* involved objections to the insurer's counterclaims for broader declarations than those sought by the insured. The insurer's counterclaims were dismissed based on its failure to join other parties whose interests would be affected, i.e. a class or classes for roughly 23,000 claimants who had sued the insured based on various respiratory diseases suffered.

Here, there are not quite so many additional parties who may be affected, but there are a few who may be entitled to be heard in this dispute and who must therefore be joined.

The parties we believe are needed for us to have jurisdiction are Nicholas Barney, Brian Wright and Ashley Wright, as well as two additional defendants who Pepper joined in the underlying cases, Jan Skowvron individually and t/d/b/a Southwest Crane Rental, and L&J Erection, Inc. If any of them feels they have no interest in the outcome of the instant action, they can so indicate in their answer to the amended complaint.

Assuming plaintiff will join those other parties needed for us to have jurisdiction, we make the following rulings as a guide for drafting the amended complaint.

The amended complaint would be primarily[1] for a declaratory judgment regarding the rights and duties of the

---

1. There was no objection to the bad faith claim so that may be repled as otherwise appropriate.

various parties under the various portions of the insurance policy as well as under the Pepper/Waltco subcontract, to provide or procure certain types of insurance up to certain limits. Plaintiff should plead facts that make clear what coverage was promised by whom to whom and what was supplied versus what should have been supplied. In the case of plaintiff's claims against Sky, plaintiff must plead facts sufficient to plead plaintiff's status as a known third-party beneficiary of Sky's contractual promises to Waltco.

Since the duty to defend will now track the duty to indemnify, the issue of providing a defense is moot for the declaratory judgment aspect of this case, and any claim for that should not be included in the amended complaint.

We agree that any claim that the action was filed outside the limitations period must be raised in new matter. We therefore overrule the objection of Sky that was based on the statute of limitations, without prejudice.

All defendants contend that the issue of indemnification is not yet ripe because there is no judgment in the underlying actions. We believe that only the amount and the allocation among possible indemnitors is not yet ripe. The duties among the parties regarding indemnification should be ascertainable based on the various agreements and on the relevant law. The objections are overruled as to the duty to indemnify and sustained, without prejudice, as to claims based on a specific amount of indemnity or on the adequacy or inadequacy of insurance coverage.

As to plaintiff's contention that it should have the right to choose the counsel that Travelers must pay for, we regard that as better suited for a separate motion to the

court. Plaintiff should set forth in such a motion all facts material to the continued existence of a conflict of interest between Travelers' goals and the goals of the plaintiff. We have reviewed the principles outlined in *The Rector, Wardens and Vestryman of St. Peter's Church v. American National Fire Ins. Co.*, 2002 WL 59333 (E.D. Pa. 2002), and note that, in that case, some claims were admittedly covered and some were not, and also that the insurer insisted on controlling the entire defense, thereby opening the possibility that it could steer the outcome of the case to liability for the count that had no coverage. This was the conflict that gave rise to the insured's right to choose its own counsel. We cannot tell whether or not a similar conflict still exists here now that Travelers has recognized its duty to defend. It will not be sufficient to plead a mere suspicion that Travelers might try to affect the handling of the case by the current counsel it has finally provided to plaintiff. Facts similar to those in *Rector* or in the cases which *Rector* relied on are what would be needed here. Plaintiff is directed to omit the claim for counsel of its own choice from the amended complaint but is permitted to set forth that issue in a motion seeking preliminary mandatory relief, ancillary to this case.

See order filed herewith.

## ORDER OF COURT

And now, March 31, 2011, the captioned action for declaratory judgment is hereby dismissed for lack of jurisdiction. Plaintiff has leave to file an amended complaint within 45 days of the date hereof, in accordance with the attached memorandum in support of order.